[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 11 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 12 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 14 
The award of Stagg the arbitrator, if valid, and insisted upon in the answer of the defendants, would have constituted a legal bar to this action. There is, or ought to be, no difference in the effect of an adjudication, as a bar to a subsequent suit, for the same cause, whether it is pronounced by judges selected by the parties or appointed by the state. In either case, every consideration of public policy requires, that after the parties have been once fully and fairly heard, further litigation as to the same matters should cease — and no satisfactory reason can be assigned why a judgment, as an act by the law, should estop the parties, and an award, which is another name for a judgment, which the parties have expressly stipulated should be final as to the subjects submitted, should not be equally conclusive. I of course refer to the submission of a real or supposed cause of action, where the parties have the right to litigate, and where the arbitrator acts judicially upon their proofs and allegations in determining the controversy between them. A person, undoubtedly, may be selected to state an account between men, who agree to abide by his report. On such a case, the report would have the same effect as though the parties had themselves stated the account and agreed upon the balance. In the case supposed, it would not be a bar to a suit on the original cause of action; but if, in addition, the arbitrator had been clothed with authority to decree payment according to his judgment upon the duties and obligations of the parties to the submission, his adjudication, if fairly made, would as effectually bar another *Page 16 
action, for the same cause, as the decree of a chancellor. Such is the view of Mr. Kyd in his Treatise, and such is the law of this state. (3 Caine's R., 166; 12 J.R., 310; 1 Hill, 44; 9J.R., 37; 12 Wen., 578; 1 Selden, 457; 2 id., 44; Kyd onAwards, chap. 8.)
It is said to have been held recently in England, that, where the action is to recover a debt, an award ascertaining the amount and directing payment cannot be pleaded in bar without alleging performance, for the money, until paid, is due in respect of the original debt. But if the demand be for a debt, and the award directs payment in a collateral way, the debt is gone, and the substituted right is all that remains. (2 Tyrwhitt, 113; 2Cromp. and Jer., 47.) According to this doctrine, if an action should be brought upon a contract for the sale and delivery of goods by the purchaser, a previous award in his favor, for the same matter, would be a bar to the action; because the money awarded was collateral to the agreement to sell and deliver, and a substitute for it. But a similar award in favor of the vendor for the purchase money would not be a bar to a suit by him upon the same contract, without averring and proving payment, because the money awarded "was due in respect of the original debt." It is, however, supposed, that the right to the goods and the right to the purchase money, in the supposed case, each accrued "in respect of the original contract;" and if an award, in pursuance of a submission, of all the matters pertaining to the agreement was a mere award, without satisfaction, in the one case, it should be in the other also; otherwise there would be no mutuality.
Now, according to the law as heretofore understood, every valid award substitutes new rights and corresponding obligations, in place of those arising out of the subject submitted. And the substitution is as real, though not as obvious, where a debt is determined and directed to be paid in coin, as where payment is awarded in chattels. In the latter case, the original demand is gone, it is conceded; but it is extinguished *Page 17 
solely by the adjudication made in pursuance of the submission of the parties. The same result follows, for the same reason, when payment is directed to be made in the currency of the country. It is said, that in this instance the award merely enforces the precedent duty to pay the money. But it does more. It fixes the amount definitively, and creates an obligation to pay in respect of the award, which is conclusive upon the debtor. This is all that is effected, in case of a money demand, by a judgment in a court of record. Indeed, the reasons assigned for the decision in the English case to which we are referred, are as applicable to a judgment rendered upon a bond in the king's bench as to an award on the same subject, founded on a submission making it final and conclusive on the parties as to the whole matter in controversy between them.
The defendants, however, cannot avail themselves of the award in this case as a defence, as they have not insisted upon it in their answer. The plaintiff had stated in his complaint a primafacie cause of action, arising on the original retainer of the defendants. To meet the case thus made, by new matter constituting a defence, it must be set forth plainly in the answer. (Code, § 149, sub. 2.) An award, or a former recovery for the same cause, would fall within this category. For the defences admit the contract as stated, and avoid its effect by matter ex post facto. Even in equity, where technicalities were discountenanced, a party must formerly have prevailed, if at all, according to his allegations. A complainant could not, for example, avoid a release insisted upon in the answer, for fraud, without a charge to that effect in his bill, and the mere circumstance that evidence of this fact could be found in the depositions of the defendant would not avail him. He must have relief, if at all, upon the allegations in the pleadings.
Without determining, therefore, whether the award proved before the referee was void for the reasons given by the *Page 18 
learned judge in the opinion in the court below, the judgment must be affirmed on the ground above suggested.
All the judges concurred in the foregoing conclusions.
Judgment affirmed