## SEWARD V. TORRENCE.

*Pleading — payment must be pleaded — variance.*

In an action on a note, the answer did not aver payment or settlement, but there was proof of a settlement, and the giving of a new note for the one in suit. No motion was made to conform the pleadings to the proof. *Held*, that the defense of payment or settlement not having been pleaded could not be regarded by the court.

APPEAL by plaintiffs from a judgment in favor of defendants, entered upon a verdict directed by the court and from an order denying a new trial.

The action was brought by Emott Seward and another against George N. Torrence and another, upon a promissory note, made by one Tolman, and indorsed by defendants. The note bore date July 24, 1873. Other facts appear sufficiently in the opinion.

*Arnold, Elliot & White,* for appellants.

*Robert W. Todd,* for respondents.

LAWRENCE, J. This action was brought against the defendants as indorsers of a promissory note made by Thomas Tolman for $500, payable to their order, three months after date, and by them indorsed payable to the order of the plaintiffs.

The complaint alleged the making of the note by Tolman, and that afterward and before maturity Tolman duly transferred the same to the defendants, who afterward and before maturity indorsed and delivered the same for value to the plaintiffs. The presentment and demand of payment of the note, its non-payment and notice of protest were also duly averred in the complaint.

The answer admitted the making of the note and its transfer before maturity to the defendants, but averred that the note was made and delivered without consideration and solely for the defendants' accommodation who desired to accommodate the plaintiffs, of which fact Tolman was aware.

The answer also averred, that the defendants, under their firm name, and before maturity, but without consideration and solely for the accommodation of the plaintiffs indorsed and delivered said

note to the plaintiffs. It is then alleged in the answer that the plaintiffs are not *bona fide* holders for value of the note, but that they received the same with notice of the facts above stated. There is also a denial of each and every allegation in the complaint inconsistent with the facts above stated.

On the trial, after proof had been given of the presentment of the note and demand of payment and notice of protest, Emott Seward, one of the plaintiffs, on cross-examination, identified a receipt which was read in evidence by the defendants, which read as follows :

"New York, *January* 30, 1874.

"Rec'd from Mr. George N. Torrence note of Mr. Thos. Tolman for five hundred dollars at three months from this date in settlement of note now in suit for same amount drawn by Thomas Tolman.

"Seward & Co."

He also stated that the note referred to in the receipt was the note which is the subject of controversy in this action. On his redirect examination, he explained that Torrence owed the plaintiff several different claims, and that the object of their coming together was to settle their claims without further trouble and expense, that among others was this note of Mr. Tolman, and that the defendant came to settle that note first with the distinct understanding that if that note was settled, all other claims should be settled before any suit was to be vacated. That he objected at the time to giving any receipt, but that the defendant showed what he claimed to be orders from different steamship companies, and said that unless he could show he had settled with the plaintiffs he could not purchase of these parties that morning, claiming that he had just come from them, and the plaintiff then testified that in order to assist the defendant along, he gave him the receipt, but distinctly told him that the receipt did not cover any thing unless all their arrangements were settled. He further testified that the defendant, Torrence, did not do any of the other things which he had agreed to do.

On his further cross-examination, the plaintiff, Seward, testified that the note which plaintiff received, and which was referred to in the receipt, had not been returned to Torrence. The court thereupon directed a verdict for the defendants, to which direction the plaintiffs' counsel excepted.

We think that the exception was well taken. The answer did not aver that the note in suit had been paid, nor did it aver that the suit had been settled in any manner whatever. No motion was made to conform the pleadings to the proof, and the defense of payment or settlement not having been pleaded, could not be regarded by the court. *Brazill* v. *Isham*, 12 N. Y. 9; *O'Toole* v. *Garvin*, 3 N. Y. Sup. 118; *Wright* v. *Delafield*, 25 N. Y. 266.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

*Judgment reversed and new trial ordered.*