## Dr. David Kennedy Corporation, Respondent, *v.* David Kennedy, Appellant.

1. Equity — Corporate Mail Addressed to Individual — Distribution by Referee.   Where one engaged in the manufacture and sale of certain proprietary medicines sells to a corporation his business and the sole and absolute and only right to use his name and address, viz., the names, "Dr. David Kennedy of Rondout, N. Y., or Dr. D. Kennedy, Rondout, N. Y., in connection with the manufacture of proprietary medicines," which business was largely carried on by advertising and correspondence under such names, the purchaser has the absolute right and property in such names and addresses, and the sole right to use the same in the business; and where it subsequently appears that the seller is receiving and opening letters belonging to the corporation, addressed in the forms aforesaid, such acts are properly restrained by injunction; but the parties by their contract having made it difficult to so separate the letters as to give each his or its own, where their relations are so unfriendly that neither should be allowed to receive and open letters of a confidential character intended for the other, a referee should be appointed with power to receive, open and read all letters sent to such names and addresses, and to make prompt distribution of the same according to their true destination.

2. Appeal — Referee's Report, when Treated as "Short Decision" — Reversal by the Appellate Division upon the Law.   Where the report of a referee, although covering several printed pages, contains a blending of certain facts found with his opinion stating the grounds upon which the issues were decided, it must be treated as a short decision under section 1022 of the Code of Civil Procedure, and under such decision the Appellate Division is required to assume that the referee found every fact and conclusion of law necessary to sustain it which the evidence warrants, and where it was necessary for him to find certain facts and conclusions of law in order to sustain his decision, and there is no evidence to warrant them, it constitutes legal error requiring the Appellate Division to reverse upon the law.

3. Question not Raised Below.   In a suit to restrain an individual, in whose name a corporation conducts its business of making and selling proprietary remedies, from receiving and opening mail addressed to him, a defense that the use by the corporation of the labels, wrappers, pamphlets and other forms of advertising, is a misrepresentation to the public and a fraud which equity will suppress, cannot be presented on appeal when not pleaded or raised below.

*Dr. David Kennedy Corp.* v. *Kennedy,* 36 App. Div. 599, modified.

(Argued November 27, 1900; decided January 22, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 27, 1899, upon an order reversing a judgment in favor of defendant entered upon a dismissal of the complaint upon the merits upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William D. Brinnier* and *John W. Searing* for appellant. The use of his name, granted by the defendant in the bill of sale, was a limited use, expressly defined. (*Brown Chemical Co.* v. *Meyer*, 139 U. S. 544.) The sale of the good will of the business did not carry with it the right to use the names as substitutes for, or in addition to, the name of the plaintiff corporation in correspondence through the mail. (Story on Partnership, § 99 ; *Cruttwell* v. *Lye*, 17 Ves. Jr. 335 ; *Wedderburn* v. *Wedderburn*, 22 Beav. 104; *Vonderbank* v. *Schmidt*, 15 L. R. A. 462 ; *Fenn* v. *Bollis*, 7 Abb. Pr. 202; *Johnson* v. *Friedhoff*, 7 Misc. Rep. 484; *Howe* v. *Searing*, 6 Bosw. 354; 19 How. Pr. 14; 10 Abb. Pr. 264; *Reeves* v. *Denicke*, 12 Abb. Pr. [N. S.] 92.) To subject Dr. Kennedy's private mail to the scrutiny of the plaintiff is a greater wrong than any that could be occasioned by permitting him to receive all mail addressed to him. (*Croft* v. *Day*, 7 Beav. 84; *Holloway* v. *Holloway*, 13 Beav. 209; *Brown Chemical Co.* v. *Meyer*, 139 U. S. 540.) The judgment of the Appellate Division countenances fraudulent practices by allowing the plaintiff to practice medicine in the defendant's name. The object of the action is to obtain judicial sanction for unlawful acts of the plaintiff. The plaintiff does not come into a court of equity with clean hands. (*Hoxie* v. *Chaney*, 143 Mass. 592; Browne on Trade Marks [2d ed.], § 71; *Pedding* v. *How*, Cox's Am. Trade Mark Cas. 60; *Fetridge* v. *Wells*, 4 Abb. Pr. 144; *Hobbs* v. *Francais*, 19 How. Pr. 567 ; *P. Mfg. Co.* v. *P. M. P. Co.*, 135 N. Y. 24 ; *Koehler* v. *Sanders*, 122 N. Y. 76; *Cutler* v. *G. B. Co.*, 36 App. Div. 362; *L. C. Co.* v. *A. C. C.*, 4 De G., J. & S. 137.)

*Howard Chipp* and *De Witt Roosa* for respondent.    Under the bill of sale the plaintiff took the exclusive right to use the address " Dr. David Kennedy, Rondout, N. Y.," and " Dr. D. Kennedy, Rondout, N. Y.," as a form of address to it, and to receive all letters addressed in those forms.    (*French* v. *Carhart*, 1 N. Y. 96; *Blumer* v. *Dyer*, 84 Hun, 91; *Clark* v. *Devoe*, 124 N. Y. 120; 1 Lindley on Part. [5th ed.] 444, 445; 2 Bates on Part. §§ 657, 669, 671; *Blackman* v. *Striker*, 142 N. Y. 555.)    By the bill of sale the defendant parted with the use of his name, so far as the use of that name in the forms mentioned in the bill of sale was connected with the business as a form of address.    (6 Wait Act. & Def. 25; *Giles* v. *Hal*, Cox's Am. Trade Mark Cas. 596; *Ayer* v. *Hall*, 3 Brews. [Penn.] 509; *Probasco* v. *Bruyn*, 1 Mo. App. 241; *Filkins* v. *Blackman*, 13 Blatchf. 440; *Le Page Co.* v. *R. G. Co.*, 51 Fed. Rep. 941; *C. S. H. Co.* v. *H. S. Co.*, 144 N. Y. 462; *Caswell* v. *Hazard*, 121 N. Y. 484; *Frazer* v. *F. L. Co.*, 121 Ill. 147; *Wood* v. *People*, 1 Hun, 384.)    The so-called medical letters are as much plaintiff's property as are those on other business of the plaintiff.    (*Brett* v. *Ebel*, 29 App. Div. 256.)    The point that plaintiff does come into equity with clean hands may not be raised.    Neither the facts upon which this supposed defense rests have been pleaded, nor is any such defense set up or even intimated by the answer. Such a defense must be pleaded to be available.    (Abb. Tr. B. on Plead. 802, § 1027; *Adams* v. *I. Nat. Bank*, 116 N. Y. 606; *Reich* v. *Cochran*, 151 N. Y. 129; *O'Toole* v. *Garvin*, 1 Hun, 92, 95; *Hall* v. *U. S. R. Co.*, 30 Hun, 375; *Brazill* v. *Isham*, 12 N. Y. 9; *Burnside* v. *Matthews*, 54 N. Y. 78; *Quinlan* v. *Welch*, 141 N. Y. 158; *Martin* v. *Home Bank*, 160 N. Y. 191; *Greene* v. *Smith*, 160 N. Y. 533; *Hennessy* v. *Wheeler*, 69 N. Y. 272.)

Bartlett, J.    This is a suit in equity where the plaintiff corporation seeks to secure the delivery of mail matter to its proper officers and to enjoin the defendant from interfering therewith; the complaint also asks a judgment for damages.

About the year 1875, the defendant, who was a practicing physician in the city of Kingston, Ulster county, established the business of making and selling proprietary remedies; he advertised extensively; the business was almost entirely conducted through the mails, and became, ultimately, very profitable. Advertisements and pamphlets were sent out which referred to some eight distinct remedies that were compounded by Dr. David Kennedy of Rondout, N. Y., and each was alleged to cure some particular disease or diseases. In this manner it was suggested to the public that a sample of the particular remedy desired would be sent to any person on application; and, also, that letters might be addressed to Dr. Kennedy describing the condition of the patient and he would prescribe without making any charge therefor. The effect of this mode of advertising was that the defendant received a large number of letters from different parts of the country, wherein the writers described their physical condition and thereupon the defendant would recommend some one of the remedies as appropriate to the case. This system of free consultation was a device to enable the defendant to sell his remedies.

The defendant conducted this business for about fifteen years, his mail matter being addressed to him as Dr. David Kennedy, or Dr. D. Kennedy, Rondout, N. Y.

In the year 1890 the defendant concluded to turn his business into a corporation and thereupon the plaintiff company was organized. The defendant executed and delivered to the corporation a bill of sale of all the personal property in his former business including the good will, which was transferred by the following provision of the instrument: " Also, the ' Good-Will' of the business of Dr. David Kennedy now carried on by me at Rondout, N. Y., with the sole and absolute and only right to use the names ' Dr. David Kennedy of Rondout, N. Y., or Dr. D. Kennedy, Rondout, N. Y.,' in connection with the manufacture of proprietary medicines, hereby granted and sold by me to the said corporation; and also all articles of office furniture and implements used in the manu-

facture of the Favorite Remedy and the other preparations as aforesaid; and I do hereby agree, in consideration of such payment of one hundred and fifty thousand dollars, as aforesaid, to execute and deliver any other or further paper the said corporation may be advised is necessary and requisite to convey and vest more fully in the said corporation all my right, title and interest of, in and to any or all of the said property or business hereby sold or intended to be sold to the said ' Dr. David Kennedy Corporation.' "

For about seven years after the organization of the corporation the defendant was its president and the owner of one-third of its stock; the mail matter of the company, which came addressed to Dr. David Kennedy of Rondout, N. Y., or Dr. D. Kennedy, Rondout, N. Y., was placed in the post office box of the corporation. When this mail was delivered at the office of the company the private letters of the defendant were opened by him, and the balance of the mail matter, which included the medical or patients' letters, was dealt with by the corporation in the due course of business.

In January, 1898, the defendant was deposed as president of the plaintiff company, and thereupon he removed his office, which had been located in the general offices of the corporation, and practically severed his personal relations with the business.

Some two weeks after this event the defendant directed the superintendent of the Rondout post office to deliver the entire corporate mail, addressed, as already stated, to him; this was done for two or three weeks, when the post office department at Washington countermanded the order of the local official, and the former mode of delivery to the corporation was restored. A little later the department at Washington reversed this last order and directed that the entire corporate mail, addressed as aforesaid, should be delivered to the defendant. Thereupon this suit was commenced. The case was tried before a referee and resulted in a dismissal of the complaint. The report of the referee, after quoting from the bill of sale, states as follows : " Here the express terms of the instrument

limit or extend no further than a grant of the right to plaintiff to use the title Dr. David Kennedy and Dr. D. Kennedy of Rondout, N. Y., in connection with the manufacture (and by fair construction with the advertising and sale) of the eight enumerated remedies. The plaintiff thereby acquired the right, according to the manifest intent of the agreement, to use these titles in their manufacture and sale of the remedies acquired by them as an assurance to the public that they were genuine preparations of the defendant, and thus to avail themselves of the success and pecuniary value which attached to these remedies as the genuine productions as known and as theretofore sold by the defendant. In every other connection and for all purposes the defendant retained a full and perfect right to the use of his own name and address as if no transfer had been made to the plaintiff."

Under this construction of the bill of sale and the dismissal of the complaint, the referee practically held that the corporation never acquired the right to take from the post office the mail matter directed to Dr. David Kennedy of Rondout, N. Y., or Dr. D. Kennedy, Rondout, N. Y., which was one of the most important factors in conducting its business. The result was that the plaintiff company could only receive such portion of its mail matter as the defendant determined was proper after his personal inspection — this being the position of the parties under the final ruling of the post office department.

The Appellate Division reversed the judgment entered upon the report of the referee, and held in substance that the plaintiff has the absolute right and property in the names and address of Dr. David Kennedy of Rondout, N. Y., and Dr. D. Kennedy, Rondout, N. Y., and to the sole right to use the same in the business, unless in addition to such form of address some additional mark or word indicates that the same is intended for the defendant personally; also, that the plaintiff has the right to receive and open all letters, packages and mail matter addressed in the forms aforesaid which have been or may hereafter be received in the post office in the city of Kingston and at the post office or station of such Kingston

post office, known as the Rondout station in the said city, without interference therewith by defendant or any other person in his employ or interest. The court also ordered that an injunction issue enjoining and restraining the defendant in the premises and directing that plaintiff on receiving mail matter of defendant shall, without opening the same, when practicable, forthwith deliver it to defendant.

We agree, in the main, with the judgment of the learned Appellate Division, but differ as to the manner in which the mail matter should be examined and distributed.

The judgment appealed from gives to the plaintiff "the right to first receive and open all letters, packages and mail matter of all kinds" addressed to "Dr. David Kennedy of Rondout, N. Y., and Dr. D. Kennedy of Rondout, N. Y." In some cases this would work injustice to the defendant by allowing strangers to read letters of a confidential character which were intended only for him. At the same time it would be unjust to the plaintiff to allow the defendant to open and read letters intended only for it and to thus discover the secrets of its business. The parties by their contract have made it difficult to so separate the letters addressed as above as to give to each his or its own, because the ambiguity is not provided for and it can be solved only by reading the letters and thus ascertaining to whom the writers intended they should go. The rights of the parties require that neither should read a letter intended for the other, and, in view of the feeling that prevails, that neither should depend upon the good faith of the other in order to get what it or he is entitled to. The best way out of the difficulty, as it now seems to us, is to so modify the judgment below as to authorize either party, upon notice to the other, to apply at Special Term for the appointment of a referee with power to receive, open and read all letters of the kind in question, with proper instructions for ascertaining from their contents their true destination and making prompt distribution thereof accordingly. The Special Term should fix the compensation of the referee, apportion the payment thereof between the parties and require

them to comply therewith.    It should also require each party to execute forthwith a consent in due form that the referee shall so receive, open and read such letters and make such other regulations to guide the referee and protect the parties as may be agreed to or determined upon after hearing the suggestions of counsel.    The order of the Special Term, and such others as may, in its wisdom, be afterwards made supplemental thereto, should be annexed to the judgment roll and form a part of the judgment, but the same should be treated as an order for the purpose of review.

We deem it proper to make a few further suggestions to aid the Special Term and the referee in the discharge of their respective duties in the premises.

As the order of the Appellate Division, reversing the judgment entered upon the report of the referee, does not state that the reversal was upon the facts, we are confined to the consideration of questions of law.

In this case we have been compelled to read the record in order to determine whether the conclusions of law are justified by the facts found, and, also, whether any material finding of fact is without any evidence to support it.  *(National Harrow Co.* v. *Bement & Sons,* 163 N. Y. 505.)

Notwithstanding the report of the referee covers several printed pages, we regard it, as a short decision under the existing practice, as it contains a blending of certain facts found, with the opinion of the referee, in which he states the grounds upon which the issues were decided, as he was entitled to do. (Code of Civil Pro. § 1022.)

The Appellate Division were, therefore, required to assume that the referee found every fact and conclusion of law necessary to sustain his views of the case which the evidence warranted.  This being so, it follows that the referee, in order to dismiss the complaint, must be deemed to have found the necessary facts and conclusions of law that would entitle the defendant, since his withdrawal from the corporation, to claim, receive and retain the so-called medical or patients' letters.

As there is no evidence to warrant such findings and conclusions they constitute legal error which required the Appellate Division to reverse on the law.

The evidence is undisputed that the success of this business was due to the system of advertising, of which these medical or patients' letters were a part, and that said system was continued by the corporation with the full knowledge, consent and urgent advice of the defendant. It also appears by the uncontradicted evidence that this system of advertising was a mere business device, as we have already pointed out, and it is clear that in no legal sense was the relation of doctor and patient established between the purchaser of these remedies and the defendant, or his corporate successor in business. It, therefore, follows that the plaintiff corporation is entitled, at the hands of the referee, to all the medical or patients' letters that clearly or reasonably refer to the business of the corporation in the sale of its proprietary remedies, although addressed to Dr. David Kennedy or Dr. D. Kennedy, Rondout, N. Y.

The referee is to bear in mind that the plaintiff has the sole right and property in the names and address " Dr. David Kennedy of Rondout, N. Y., and Dr. D. Kennedy of Rondout, N. Y.," and the sole right to use the same in the business involved in this litigation of making, advertising and selling the medicines and remedies named in the contract, unless in connection with such form of address some additional mark or word, either on the envelope or in the letter, indicates that the same is intended for the defendant personally.

In conclusion it is proper that we should refer to a point that the learned counsel for the defendant and appellant raised in this court for the first time. It is thus stated in his brief : " The judgment of the Appellate Division countenances fraudulent practices by allowing the plaintiff to practice medicine in the defendant's name. The object of the action is to obtain judicial sanction for unlawful acts of the plaintiff. The plaintiff does not come into a court of equity with clean hands."

If this point dealt only with the charge that the decision of the Appellate Division allows the plaintiff to practice medicine

46

in the defendant's name, it would not be necessary to further consider it, as we have decided that no such result is presented by this record. It is, however, claimed in substance that the use by plaintiff of the labels, wrappers, pamphlets and other forms of advertising, which were expressly included in the bill of sale, is a misrepresentation to the public and a fraud which a court of equity will suppress.

This defense is not pleaded, was not raised in any way at the trial, or in the Appellate Division, and it cannot be presented for the first time in this court. (*Brazill* v. *Isham*, 12 N. Y. 9; *Burnside* v. *Matthews*, 54 N. Y. 78; *Adams* v. *Irving Natl. Bank*, 116 N. Y. 606; *Quinlan* v. *Welch*, 141 N. Y. 158; *Reich* v. *Cochran*, 151 N. Y. 122, 129, and cases cited; *Martin* v. *Home Bank*, 160 N. Y. 190.)

The judgment appealed from should be modified, as stated in this opinion, and as thus modified affirmed, without costs in this court to either party. The order, if not agreed upon by the parties, to be settled by BARTLETT, J., upon a notice of five days.

PARKER, Ch. J., HAIGHT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment accordingly.