PAYN v. STOKES et al. (two cases).

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

APPEAL—REVIEW OF REFEREE'S DECISION—FINDINGS.

Where a referee's decisions in two cases between the same parties are filed without stating separately either the facts found or the conclusions of law, on review by the appellate court as authorized by Code Civ. Proc. § 1022, the court, being required to assume that the referee found every fact and conclusion of law necessary to sustain his decision which the evidence warrants, will not look to the opinion to determine the reasoning of the referee, where the opinion is not made a part of the decision, nor examine the record in one case to see whether the findings necessary to sustain the judgment in such case are consistent with the findings in the other.

Appeal from judgment on report of referee.

Two actions by Edgar M. Payn against W. J. Stokes and others. From a judgment in one in favor of the plaintiff, the defendants appeal; and from a judgment in the other in favor of the defendants, the plaintiff appeals. Both judgments affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

W. Frothingham, for plaintiff.
Philip M. Brett, for defendants.

PER CURIAM. The decision filed in each of the above-entitled cases is a decision without stating separately either the facts found or the conclusions of law. When a short decision is filed pursuant to section 1022 of the Code of Civil Procedure, this court is required to assume that the referee found every fact and conclusion of law necessary to sustain it which the evidence warrants. Dr. David Kennedy Corp. v. Kennedy, 165 N. Y. 353, 59 N. E. 133. The opinion is not made a part of the decision in either case. We have no right to look to the opinion to determine the reasoning of the referee in coming to the conclusion at which he has arrived in these cases. Neither have we any right to examine the record in one case to see whether the findings necessary to sustain the judgment in such case are consistent with the findings necessary to sustain the judgment in the other case. Every fact necessary to sustain the judg-

ment in each of these cases was litigated on the trial, and we cannot say that there is not sufficient evidence to make the findings necessary to sustain the judgments, and each of them. The findings so necessary to sustain the judgment in case No. 1, which we must assume were found by the 'referee, make the exclusion of the proposed testimony in regard to the plaintiff's familiarity with the place where the dredging was to be done immaterial, and the error in such ruling, if any, insufficient to require the reversal of the judgment.

Judgment in each case affirmed, with costs.