FIREDOOR CORPORATION OF AMERICA, Respondent, v MAC-FARLAND BUILDERS, INC., Appellant.

First Department, March 5, 1981

APPEARANCES OF COUNSEL

*LaVerne F. O'Dell* of counsel *(Bryant, O'Dell & Basso,* attorneys), for appellant.

*Bernard Rothman* of counsel *(Golden, Wienshienk & Mandel,* attorneys), for respondent.

OPINION OF THE COURT

SANDLER, J.

In a written contract dated March 22, 1977, petitioner Firedoor Corporation of America (Firedoor) agreed to furnish and deliver to respondent MacFarland Builders, Inc. (MacFarland) certain hollow metal frames for an agreed purchase price of $7,600. The parties agreed to arbitrate "[a]ny and all issues and disputes of fact which

may now or hereafter arise between the parties respecting the performance or breach hereof".

On July 22, 1977, the materials were shipped to MacFarland. MacFarland refused to pay any part of the purchase price, although the frames were accepted, retained and used in the construction of a building.

In a demand for arbitration dated October 26, 1977, Firedoor instituted arbitration proceedings asserting that it "did manufacture and deliver materials as ordered" and claiming "full settlement of all monies due us in the amount of $7,600.00 plus interest". MacFarland counterclaimed, asserting that the material supplied had not been accepted by the architect, and specifying that the primer paint was peeling and that MacFarland had been required to remove the prime coat and reprime the material.

In an award dated July 24, 1978, the arbitrator directed payment to Firedoor of the sum of $2,900 without interest, apportioned the administrative fee equally between the parties, and stated that "[t]his AWARD is in full settlement of all claims and counterclaims submitted to this Arbitration." The sum awarded appears to have represented the difference between the purchase price and the cost of repriming the material. The award was confirmed, and in January, 1979 judgment was entered in favor of Firedoor.

Thereafter in connection with Firedoor's chapter 11 bankruptcy proceeding, MacFarland filed a claim against Firedoor on March 19, 1979, alleging various claims by MacFarland with regard to defects in the materials. By agreement of the parties, this claim was withdrawn without prejudice to MacFarland instituting legal proceedings in any appropriate forum other than the Bankruptcy Court.

In a demand dated November 21, 1979, MacFarland sought arbitration to recover costs alleged to result from defects other than the peeling primer paint specified in its counterclaim in the original arbitration. In addition, MacFarland sought reimbursement of its costs in the prior arbitration, and also costs associated with claim preparation, the latter apparently relating to the prospective arbitration. Firedoor moved to stay arbitration and vacate the demand, contending that the previous confirmed arbitration award was *res judicata*. Special Term agreed and in the

judgment appealed from granted the motion to stay arbitration and to vacate the demand.

As to the claim for costs of the prior arbitration, alleged by MacFarland not to have been embraced in the original award, we agree with Special Term that the previously confirmed award is conclusive. As to the other claims specified by MacFarland in its demand, a more complex question is presented.

Preliminarily, the record is not entirely clear as to whether these additional claims were in fact the subject of adjudication at the arbitration. While it appears that MacFarland had only introduced evidence with regard to the peeling of the primer paint at that arbitration, the possibility is not excluded that Firedoor had presented, in support of its claim, affirmative evidence of compliance with the architect's plans and other specifications, and that the arbitration in fact considered every aspect of Firedoor's performance. (Cf. *Matter of Springs Cotton Mills [Buster Boy Suit Co.]*, 275 App Div 196, 198, affd 300 NY 586.) Accordingly, a further factual development on this question is required.

A separate important question is raised by the failure of the record to disclose when, with regard to the arbitration, MacFarland became aware of the defects alleged in its demand, and whether or not MacFarland could then have litigated the issues raised by its new claims in accordance with the rules governing the arbitration. The question is whether the *res judicata* effect of an arbitration award is limited only to the issues actually litigated or whether it extends to all issues fairly embraced in the submission and of which a party had, or reasonably should have had, timely knowledge. The applicable rule is less clearly settled than might have been supposed. (Compare *Matter of Springs Cotton Mills [Buster Boy Suit Co.]*, *supra*, with *Rembrandt Inds. v Hodges Int.*, 38 NY2d 502.)

A discussion in a leading text provides a useful starting point for analysis. (See 23 Carmody-Wait 2d, NY Prac, Arbitration, § 141:154, pp 83-85.) A distinction is there drawn between an award made under a general submission that extends to all the demands which either party has against the other, and an award made pursuant to a limited

submission of certain questions. An award following a general submission is deemed conclusive between the parties *(id.,* at p 84) "as to any matters fairly within the meaning and intention of the submission, which subsist between the parties at the time of the submission, including matters not embraced in the award, whether such matters have been brought to the notice of the arbitrators or not." However an award pursuant to a limited submission of certain questions does not foreclose the rights of the parties *(id.,* at p 85) "to later arbitration of matters which were not included in the submission and of which the first arbitration could not have been disposed."

The analysis set forth in the treatise, it should be noted, was based primarily on decisions arising out of voluntary submissions to arbitration by parties who had not previously committed themselves to such arbitration. For the most part these cases were decided prior to 1920 when such agreements were deemed contrary to public policy. (See Siegel, New York Practice, p 827.) While the distinction between general and limited submissions continues to be serviceable, it may require some refinement when applied to arbitrations between parties who had contractually obligated themselves to arbitrate disputes which might arise thereafter.

As noted above, the parties had agreed in the original contract to submit to arbitration "[a]ny and all issues and disputes of fact which may now or hereafter arise between the parties respecting the performance or breach hereof". Firedoor's demand for arbitration, alleging performance according to the terms of the contract and claiming the full purchase price, clearly put in issue its right to recover the full contract price and any defense to that claim. Mac-Farland was of course legally obligated to participate in the arbitration then demanded. We think it would be inconsistent with that contractual obligation for a party unilaterally to withhold from the arbitrator any defense to the claim of which it had knowledge at a time when the merits of the defense could appropriately be heard in the arbitration.

In *Matter of Springs Cotton Mills (Buster Boy Suit Co.)* (275 App Div 196, 199, *supra)* this court observed that

"[a] judgment entered upon such an award is *res judicata* of all matters reasonably comprehended in the dispute submitted to the arbitrators." That principle, applied to the circumstances disclosed in this record, makes it critical to determine when MacFarland became aware, or reasonably should have become aware, of the various defects specified in its demand for arbitration (cf. *Gedney v Gedney*, 160 NY 471, 474, 475). A remand for a further factual development on this point is required.

We do not construe the decision of the Court of Appeals in *Rembrandt Inds. v Hodges Int. (supra)* to set forth a contrary principle. We recognize that in the discussion of the applicability of *res judicata* to arbitration awards, the court stated (at p 504) that an award is not a bar to a later action with regard to "an issue not passed upon by the arbitrators". However that comment was made in the context of a litigation in which a factual issue was presented as to whether or not the arbitrators had failed to consider the merits of relevant evidence advanced by a party to the arbitration, and we doubt that the comment was intended to have a broader application.

The judgment of the Supreme Court, Bronx County (CHANANAU, J.), entered August 5, 1980, staying arbitration and vacating a demand for arbitration served by respondent, is modified, on the law, without costs; the issue of the *res judicata* effect of a prior arbitration award is remanded for hearing as to all items in the demand other than the claim for reimbursement for the costs of the prior arbitration, and arbitration is temporarily stayed during the pendency and determination of the hearing, and otherwise affirmed.

KUPFERMAN, J. P., MARKEWICH, SILVERMAN and BLOOM, JJ., concur.

Judgments, Supreme Court, Bronx County, entered on August 5, 1980, modified, on the law, without costs and without disbursements; the issue of the *res judicata* effect of a prior arbitration award is remanded for hearing as to all items in the demand other than the claim for reimbursement for the costs of the prior arbitration, and arbitration is temporarily stayed during the pendency and determination of the hearing, and otherwise affirmed.