■ In the Matter of the Arbitration between David Associates, Respondent, and Gus Bevona, as President of Local 32B-32J Service Employees International Union AFL-CIO, Appellant. — Order and judgment (one paper) of the Supreme Court, New York County (Ascione, J.), entered on August 2, 1984, which granted the application by respondent-appellant to permanently stay arbitration, is unanimously reversed, on the law, and the application is denied, without costs.

Petitioner-respondent, David Associates (hereinafter Employer) is engaged in real estate management and employs members of the respondent union pursuant to a collective bargaining agreement for an apartment building.

On or about September 16, 1983, the Employer notified its employee, Dervish Berisha (hereinafter Berisha) that he would be discharged as building superintendent effective October 6, 1983. After his discharge, the union served the Employer with a notice of intention to arbitrate, dated September 23, 1983, which read, in pertinent part: "The above member, employed at the

above building as Superintendent for 9 years, was unjustifiably discharged on 9/16/83, effective 10/6/83. We are claiming reinstatement to his position without loss of pay."

A hearing was held at the office of the contract arbitrator on November 9, 1983. Berisha testified that his salary was $268.76 per week. The arbitrator rendered a decision which sustained the discharge of Berisha for just cause and said that Berisha had failed to provide the tenants with central services and repairs. The arbitrator also awarded the following: "The Employer shall pay to the Grievant eleven (11) weeks severance pay, i.e., Two Thousand Nine Hundred Fifty-Six Dollars and Thirty-Six Cents ($2,956.36) based upon his wage rate of Two Hundred Sixty-Eight Dollars and Seventy-Six Cents ($268.76) per week, and the Grievant shall vacate the apartment he occupies in the building within thirty (30) days of the attestation of this Award pursuant to the Collective Bargaining Agreement." Neither party ever appealed from this award.

Subsequent to the issuance of the award, Berisha filed another grievance concerning improper payment of wages for the period from April 21, 1981 through the date of his discharge on September 16, 1983. A second notice of intention to arbitrate, from the union, was served on the Employer, claiming full retroactive pay for Berisha for the aforementioned period. The notice read, in pertinent part: "The above member, employed at the above building as Superintendent for 9 years, was improperly paid from 4/21/81 thru 4/20/82 $268.76 gross instead of $292.76 from 4/21/82 thru 4/20/83 he was improperly paid $268.76 per week instead of the $319.96 Union Scale, and from 4/21/83 thru the date of his termination 9/16/83 he has been improperly paid $268.76 instead of $342.96. We are claiming full retroactive pay adjustment and such other damages as the arbitrator may deem appropriate."

The Employer moved for a judgment permanently staying the arbitration and vacating the notice of intention to arbitrate. Special Term granted the Employer's application, holding that the issue presented in the prior arbitration was binding upon the parties and the arbitration had determined Berisha's rate of salary at $268.76 per week.

The doctrine of res judicata is applicable to issues resolved by earlier arbitration (see, 23 Carmody-Wait 2d, NY Prac, Arbitration, § 141:151, at 80 et seq.). An award which follows a general submission that extends to all demands which either party has against the other is deemed conclusive "as to any matters fairly within the meaning and intention of the submission, which subsist between the parties at the time of the submission,

including matters not embraced in the award, whether such matters have been brought to the notice of the arbitrators or not" (*id.* § 141:154, at 84). However, where an award is made pursuant to a limited submission of certain questions, the parties are not foreclosed "to later arbitration of matters which were not included in the submission and of which the first arbitration could not have disposed" (*id.*, at 85; *see, Firedoor Corp. v MacFarland Bldrs.*, 79 AD2d 356).

The preclusive effects of an arbitration award extend only to the issues decided, and such award is not a bar to a later action with regard to "an issue not passed upon by the arbitrators" (*Rembrandt Indus. v Hodges Intl.*, 38 NY2d 502, 504).

Since the award in the first arbitration was made pursuant to the limited submission of the question of unjustifiable discharge, and the question of pay related only to the amount of severance pay, the question of the valid rate of pay pursuant to the union contract for the years 1981-1983 was never reached. Thus, as such questions had never been submitted to the arbitrator, the union may not be precluded from arbitrating this issue now. Since the amount of severance pay was properly before the arbitrator and adjudicated, the union is solely precluded from again arbitrating the wage rate for the period covered by the 11-week severance pay. Concur — Sullivan, J. P., Carro, Asch and Fein, JJ.