OPINION OF THE COURT
Burton S. Sherman, J.
The petitioner seeks to dismiss, pursuant to CPLR 3211 (a) (5), the respondent’s demand for arbitration dated June 6, 1989. In view of the fact that no action or special proceeding has been instituted, the motion shall be considered as one to stay arbitration pursuant to CPLR 7503 and pursuant to the *739 one-year Statute of Limitations provided in CPLR 7510 and res judicata.
The facts are that the parties promptly sought to arbitrate a dispute which arose in the performance of a written interior decorating service contract dated May 19, 1986. After a hearing before the American Arbitration Association, the respondent, the petitioner therein, was successful and was awarded $16,646.75. Both parties were promptly notified on January 22, 1988. Respondent took no action to confirm the award within one year. Instead, a year and a half later on June 6, 1989, apparently realizing that the award could no longer be confirmed as barred by the one-year Statute of Limitations, respondent again served a demand to arbitrate the concededly identical issues previously arbitrated. It is this demand that the petitioner now seeks to stay permanently.
The respondent does not deny that the Statute of Limitations has run on the previous award but states that there is nothing to preclude him from bringing this arbitration as the previous award is a nullity, as it was not confirmed.
While arbitration as an ancient common-law procedure for settling controversies has been recognized in New York by statute since 1829 (Matter of Webster v Van Allen, 217 App Div 219, 220), the court finds no section in CPLR article 75, "Arbitration”, its predecessors or case law, for that matter, which particularly addresses the issue involved. It appears therefore to be a case of first impression. However, all is not lost, as there is guidance for the court found within the statutory scheme in the CPLR itself. Thus, article 75 clearly evinces an intent for finality, and finality has always been a strong policy consideration in the legal resolution of controversies. (Matter of Reilly v Reid, 45 NY2d 24, 28.) CPLR 7502 (b) provides that if a claim sought to be arbitrated would be barred by the Statute of Limitations provided in CPLR 215 if brought in a court of law, it would also be barred in arbitration. While this clearly proclaims the outer time limits for arbitration, the time limitations for the enforcement of the arbitration award itself is also unequivocally prescribed. CPLR 7510 states, "The courts shall confirm an award upon application of a party made within one year after its delivery to him”. The solemnity of this one-year limitation is further evidenced by the enactment in 1958 by the Legislature of CPLR 215 (5), which limits an action on an arbitration award to one year. This was done to prevent parties from bringing actions on awards rather than moving to confirm to circum *740 vent the one-year limitation of CPLR 7510 (Jones v Johnson & Sons, 283 App Div 1085; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7510:l, at 555-556). In short, awards must be confirmed in one year.
The doctrine of res judicata is also an appropriate ground to stay arbitration and another procedure to achieve finality of controversies. (See, 23 Carmody-Wait 2d, NY Prac § 141:151, and cases cited therein.) As far back as 1854, in applying the doctrine of res judicata, the Court of Appeals has said as to an arbitration award, "It is final. It is an absolute, conclusive adjudication of the matters in dispute.” (See, Brazill v Isham & Earle, 12 NY 9, 13.) Nor do awards have to be judicially confirmed to be considered res judicata. (Matter of David Assocs. [Berona], 109 AD2d 623.) To require otherwise could lead to the anomalous situation where, for example, a successful party believing an award to be inadequate could then deliberately fail to confirm the award and then bring a demand to arbitrate anew, knowing its adversary would have been reluctant to confirm the award and seek the entry of a judgment against itself. The controversy would never conclude. Indeed, this example is analogous to the situation in this case.
The court therefore finds that the confirmation of the prior award is barred by the Statute of Limitations. The new demand for arbitration involves the identical issues and cannot be litigated again, as it is res judicata. Moreover, since this matter has been fully litigated, it is not subject to a six-month extension of the Statute of Limitations as provided in CPLR 205 (a). "The courts are wary of subterfuges conjured up by tardy plaintiffs to avoid a lapsed claim.” (See, Siegel, NY Prac § 37, at 40.) The respondent cannot do indirectly what he failed to do directly. (See, Brick v Cohn-Hall-Marx Co., 276 NY 259; Webber v Herkimer & Mohawk St. R. R. Co., 109 NY 311.)
The motion to stay arbitration is granted.