## Legrand v. Holbrook, et al.

(Decided September 30, 1924.)

### Appeal from Ohio Circuit Court.

1. Arbitration and Award—Threat to go to Law as Far as Possible, Unless Plaintiff would Arbitrate, was Not Duress.—Threat that defendants would law matter as far as they could and with all legal ability they could command with their large resources, if plaintiff would not arbitrate, was not duress that would invalidate agreement to arbitrate.

2. Arbitration and Award—Validity of Arbitration Agreement Not Affected by Fraud of One's Own Agent.—Validity of arbitration agreement or award was not affected by fraud of complaining party's own agent, selected by him to show arbitrators the line between lands, in absence of showing that other parties were in any wise responsible for his action, or procured it in any improper way.

3. Arbitration and Award—Arbitration Agreement Held Not to Require Arbitrators to Fix Line, but Only Value of Timber Taken.—Arbitration agreement entered into between the parties held to require arbitrators only to agree on value of timber taken according to line shown them by certain person, and award not defining dividing line was responsive to submission.

BARNES & SMITH and JOHN T. RONE for appellant.

HEAVERIN & MARTIN and KIRK & BARLETT for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellant, on April 11, 1921, brought this suit against appellees, charging in his petition that he was the owner of a tract of 128 acres of land and in possession of it, and that the defendants had entered upon his land wrongfully and cut his timber, to his damage in the sum of $946.00, for which he prayed judgment.

The defendants by their answer denied that they had cut any timber on the plaintiff's land, and pleaded that they owned a tract of land adjoining, described by metes and bounds in their answer, and they alleged that all the acts complained of were done on their own land. The issues were made up.

On July 5, 1921, the defendants offered, in open court, to confess judgment in the sum of $50.00 and costs. On July 7, 1921, they withdrew that offer, and offered, in open court, to confess judgment in the sum of $100.00 and costs. After this offer was made, and on the same day, when the court adjourned for dinner, the following written agreement was entered into:

"July 7, 1921. This agreement made and entered into by and between John Brown, H. W. Holbrook and J. L. Legrand, for the purpose of settling a disputed line between the land of John B. Brown, known as the Hoover land, and J. L. Legrand. We both agree for G. B. Brown and I. J. Park and D. B. Sullenger to go upon the land, Mr. Brown to show the other two where the line runs, and if Park and Sullenger can't agree they are to select one other man to go over the line and settle it and any settlement they make we will abide by, and suit now pending in the Ohio circuit court is to be dismissed and each of us to pay our own costs.

"Witness:                    "H. T. HOLBROOK,
   I. J. PARK,                                              his
   ROWAN HOLBROOK.        J. L. LEGRAND,       x
                                       mark
                    JOHN B. BROWN."

The arbitrators acted that evening and made the following award:

"We the parties hereunto agree that the damage that the said J. L. Legrande has suffered amounts to ten dollars. This July 7, 1921.
                "I. J. PARK,
                "DARRELL SULLENGER."

The next day the defendants filed the submission and the award, and moved the court to dismiss the action. They then filed an amended answer setting up the award and pleading it in bar of the action. The plaintiff replied, pleading that the award was obtained by duress and

fraud and that it did not decide the matter submitted and was void. The case came on for trial on May 5, 1922, and at the conclusion of all the evidence the court peremptorily instructed the jury to find for the defendants, or that the award barred the action.

The plaintiff's own testimony as to how the agreement to arbitrate came about is in these words:

"The way the arbitration came up, I went out of the court house to get my lunch and Mr. Holbrook was out in the yard and he hollered at me and told me there was no use in a lawsuit and he wanted to settle it, and I said you have had a long time and never would settle it, and he said I am going to law you over this to hell and back; I have the money to law on and you have none, and I have got the money, and he said that the old gentleman, General Hoover, was standing at his back, he was a wealthy man, and I have two lawyers employed and will pay them $500.00 and General Hoover has two employed and he pays them $500.00, and he said I will do you right, and if you don't settle I will law you to hell and back, and I turned off and he went to George Brown— (Attorneys for defendant objected).

"Q. Did you see him go to him? A. Yes, sir, and George came and said I want to talk to you a minute—

"Q. Was Holbrook there? A. Yes, sir, and he said you can't afford to law, to let this get in court; you know I am a friend of yours and I think you are a friend of mine, I would like for you to settle it, and I said there ain't no settling, and Harold said I will let Uncle George go and show which is the right line and you pick a man and I will pick one and they can value the timber and I will pay you every dollar I owe you this evening, and we will draw up writings and leave in Uncle George's hands until this matter is settled, and he said neither one of us should be there and John Brown should not be there and I said he would or die; he said if he did he would have him arrested, so they talked on and they got me kinder wool bothered and I went and signed the writing."

There is nothing in the evidence showing duress in the legal acceptation of that term. The threat that the defendants would law the matter as far as they could and

with all the legal ability they could command was not duress.

There was no fraud in the obtaining of the agreement. It is insisted that G. B. Brown by fraud failed to show the arbitrators where the line ran, but Brown was the plaintiff's agent for this purpose. Brown was his neighbor, he was there as his witness at the trial and he was selected by the plaintiff to show the arbitrators the line. Brown being his agent for this purpose he can not complain of the acts of his own agent, there being no proof whatever that the defendants were in anywise responsible for Brown's action or procured it in any improper way.

The objection, that the award does not respond to the submission in that the arbitrators do not define the dividing line, is not well taken. The written contract is inartificially drawn and must be read in the light of the circumstances under which it was made. The plaintiff was suing for $946.00 for a trespass on his land. The defendants had offered to confess judgment for $100.00. They then made an agreement that G. B. Brown show the arbitrators where the line ran and if the arbitrators couldn't then agree they were to select one other man to go over the line and settle it and any settlement they made was to be final. I. J. Park, who was one of the arbitrators, was there as a witness for the plaintiff on the trial of the case and was therefore selected by the plaintiff as his arbitrator. Sullenger was selected by the other people. Plainly upon the face of the paper these two men were to be governed by the line shown them by Brown; the paper provides no other way by which they could ascertain the line. They were then to go over the line and settle it if they could agree. Settle what? Plainly the amount that the defendants were to pay the plaintiff for the damages to his land. There was nothing else for them to settle except this, for the line was to be settled by Brown and they were to go by the line which Brown showed them. They did not fail to agree and therefore they did not select a third man to act with them. If there was any doubt about the meaning of the paper on its face, the plaintiff's own testimony, above quoted, showed that the only purpose of the arbitration was to value the timber. On the whole case we see in the record no valid reason for disturbing the award. The circuit court properly so held. If the plaintiff wishes the line between him and the defendant settled he can procure that relief in an action

brought for that purpose. The award of the arbitrators simply determines the amount due the plaintiff for the trespass, sued for in this action.

Judgment affirmed.