## Modern System Bakery v. Salisbury, et al.

(Decided June 18, 1926.)

### Appeal from Boyd Circuit Court.

1. Arbitration and Award—Agreement that Landlord and Tenant should Each Select Arbitrator to Settle Dispute as to Amount Latter Owed Former, and that Arbitrators should Select an Umpire in Case they Disagreed, Held Valid Common Law Arbitration Agreement (Civil Code of Practice, Section 451; Ky. Stats., Sections 69-73).—Agreement that landlord and tenant should each select arbitrator to settle dispute as to amount latter owed former, and that arbitrators should select an umpire in case they disagreed, in which case decision of any two should be binding, held arbitration agreement, which, though not conforming to Civil Code of Practice, section 451, or Ky. Stats., sections 69-73, was valid agreement under common law.

2. Arbitration and Award—Arbitrators Under Common Law Agreement Must Meet and Inquire Into Merits of Controversies and Give Parties Opportunity to be Heard, Unless Selected to Act as Experts.—Arbitrators under common law agreement, where procedure is not provided for by statute, have duty to meet and inquire into merits of controversies and give parties opportunity to be heard, unless they were selected to act as experts and adjust matter from their own knowledge.

3. Arbitration and Award—Parties to Dispute Under Arbitration Agreement had Right to Expect that Arbitrator Selected by them Would be Present at Meeting.—Parties to dispute, who had selected arbitrator under arbitration agreement, but did not desire to appear at meeting of arbitrators, had right to expect that arbitrator selected by them would be present, and that they would have benefit of his arguments and suggestions.

4. Arbitration and Award—Arbitrators Determining Amount Due Landlord from Tenant, and Who Learned Nature of Claim from Landlord, Must Hear Tenant Before Making Award.—Arbitrators determining amount due landlord for property removed or damaged by tenant, who learned nature of claim from landlord, had duty to give tenant opportunity to be heard before making award.

5. Arbitration and Award—Arbitrators are Not Required to Always Follow Technical Rules of Law, but they Must Proceed with Due Regard for Rights of Parties.—Arbitrators are not required to always follow strict and technical rules of law, since law favors and encourages settlement of controversies by arbitration, but they must proceed with due regard for rights of parties.

DYSARD & MILLER for appellant.

S. S. WILLIS for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellees own a building located on the corner of Sixteenth street and Greenup avenue in Ashland, Kentucky.

Prior to January 7, 1924, a portion of this building had been rented to the appellants, James Korff and Max Logue, partners doing business under the assumed name of Modern System Bakery. Appellees desired possession of the premises and were threatening to institute an action for forcible detainer when a compromise was reached, resulting in a written contract dated January 7, 1924. By the provisions of this contract appellants were to remain in possession of the premises until March 1, 1924, at a rental of $162.00 a month and in the event they did not vacate by March 1, 1924, they were to pay a rental of $324.00 a month while holding over. The appellees reserved the right to proceed by law to obtain possession without demand or notice unless the premises were vacated on March 1, 1924. Upon vacating the building the appellants were to clean it up and remove all rubbish and to repair any and all damage done in the removal of machinery and equipment and to return the property to the appellees in as good condition as when delivered to them, ordinary wear and tear excepted.

Appellants retained possession of the building until on or about April 30, 1924. They paid the appellees $324.00 for the rent for the month of March and.tendered a check for $324.00 for the April rent, which appellees declined to accept. A dispute arose over the amount due under the contract of January 7, 1924, and being unable to agree, an arbitration agreement was entered into on April 30, 1924. This agreement was as follows:

"THIS AGREEMENT, made and entered into on this 30th day of April, 1924, by and between Max Logue and James Korff, partners in business under the name of the Modern System Bakery, parties of the first part, and Dr. W. M. Salisbury, party of the second part.

"WITNESSETH: THAT WHEREAS, a dispute has arisen between the parties as to the amount due to be paid to the party of the second part by the parties of the first part under an agreement in writing dated January 7, 1924, and the parties. desire to settle said matter amicably and without litigation;

"Therefore, it is agreed that each of the parties hereto shall name an arbitrator, and these two arbitrators shall meet and determine the amount to be paid, and the amount so determined by them will be paid by the parties of the first part and accepted by the party of the second part. If the two parties so selected are unable to agree, they shall select an umpire, and the decision of any two of the board so selected as to the amount due shall be binding on both parties. Each party will name their arbitrator within the next two days.

"Given under our hand in duplicate, each party taking a copy, the day and date first herein written.

"MODERN SYSTEM BAKERY
JAMES KORFF.
W. M. SALISBURY."

Appellants selected William Kerns as their arbitrator and appellees selected as. their arbitrator John R.. Simpson.

Before making any effort to agree upon the amount to be paid by appellants these two arbitrators selected Bruce Patrick as umpire. A few days later and before any meeting had been held Patrick handed his written resignation to Kerns, who delivered it to Simpson. Simp-

son saw Patrick and induced him to withdraw his resignation and later sent to Kerns the following notice:

"ADJUSTMENT OF DAMAGE TO BUILDING OVER AND ABOVE COMMON USAGE.

| | |
|---|---|
| 9 glass doors 3/2/6/8 gone | $135.00 |
| Damage to show windows by paint | 120.00 |
| Two panel columns painted | 40.00 |
| 1 partition removed | 110.00 |
| Damage to floor, 1/3 value | 115.00 |
| Damage to ceiling by smoke | 75.00 |
| Baseboards spoiled by paint | 15.00 |
| Damage to prism glass by weighting top of show windows | 20.00 |
| Two front door locks, keys lost | 25.00 |
| One month's rent as per contract taken | 324.00 |
| | $979.00 |

"By arbitrator,                    J. R. SIMPSON.

"Mr. Kerns: Please meet with Mr. Patrick and myself at Mr. Willis's offices Thursday, 2:00 a. m., to close up the business as arbitrators, look over the above statement.

"Respectively,

J. R. SIMPSON."

The 2 a. m. was evidently intended for 2 p. m. and Simpson stated in his deposition that he later saw Kerns and told him the correct time and place of the meeting and that Kerns refused to attend. Kerns did not attend the meeting and Simpson and Patrick proceeded to make the following award:

"Ashland, Kentucky, May 15, 1924.

"We, the undersigned arbitrators, agreed upon to settle the dispute between W. M. Salisbury and Max Logue and James Korff, partners as Modern System Bakery, have agreed that the damage to the building is $589.50, which amount, added to the rent due, is the amount that they should pay to William Salisbury.

"BRUCE PATRICK,
J. R. SIMPSON."

Appellants had no notice of the meeting or of the failure of their arbitrator to attend, and refused to pay

the amount agreed upon by Simpson and Patrick. The appellees then instituted an action to enforce the award and the court below entered a judgment in favor of appellees for $324.00 rent for the month of April and for $589.50 for damage to building. The appellants paid the $324.00 and superseded the judgment as to the $589.50.

The arbitration agreement herein conformed neither to the requirements of section 451 of the Code nor to those of chapter 6 of the Kentucky Statutes but was a valid agreement under the common law. Under arbitration agreements of this character, where the method of procedure is not provided for in the agreement of submission, it is the duty of the arbitrators to meet and inquire into the merits of the controversy submitted and to give the parties an opportunity to be heard. 2 R. C. L. 377, paragraph 24. An exception to this rule is stated in 2 R. C. L. 378 as follows:

"Exception . . . is recognized in those cases in which the character of the matter submitted and of the arbitrators chosen is such as to justify an inference that they were selected to act as experts, and to adjudge the matter from their own knowledge. Here it is not essential that evidence shall have been heard unless the submission so provides. In the absence of such a provision in the submission a refusal to receive testimony is not ground for setting aside the award. But these cases generally savor more of appraisement than of arbitration."

This exception to the general rule is thus stated in 5 C. J. 91, section 193:

"The necessity of notice of the reception of evidence by the arbitrators, and the right to be present at the meetings of the arbitrators, are often controlled by the submission itself. Parties may so frame the submission that the arbitrators may decide without a formal hearing of the parties, and without a resort to evidence *aliunde*. The nature of the reference may give the arbitrators power to make certain *ex parte* investigations, and, when matter is referred to valuers, appraisers, surveyors, or the like, who are selected by reason of their special knowledge or skill with respect to the particular matters submitted, so that it is obvious that the parties meant to rely upon these things rather than

evidence *aliunde*, this justifies personal investigation and judgment on the part of the arbitrators, and even a refusal to hear evidence *aliunde*."

The appellees claim that the facts in this case bring it within these exceptions and they rely upon the following authorities: Omaha Water Co. v. Omaha, 162 Fed. 225; Gannon v. McClannahan, 204 Ky. 67, 263 S. W. 770; Legrand v. Holbrook, et al., 204 Ky. 614, 265 S. W. 16.

In Omaha Water Co. v. Omaha, a city ordinance granting a franchise to a water company reserved to the city the right, at its election, to purchase the works of the company after a stated term at an appraised valuation to be ascertained by the estimate of three engineers, one to be selected by the city council, one by the waterworks company and these two to select a third. Three hydraulic engineers were selected as appraisers and after an investigation they filed a report fixing the value of the property which was signed by two of the number, but upon which the third noted his dissent.

It was held that a valuation of property by appraisers selected as experts under a contract for its sale is not an arbitration, and the appraisers do not act judicially, nor are they bound by the rules relating to arbitrations.

In Gannon v. McClannahan the appellant knew of the time and place of meeting of arbitrators and had on hand the arbitrator selected by him and also a third person whom he requested to be present and hold himself in readiness to act as umpire, if necessary.

The question to be decided was the value of a one-half interest in a crop of corn. The two arbitrators reached an agreement without the assistance of an umpire.

In Legrand v. Holbrook, et al., appellant brought suit against appellees charging that they had entered upon his land wrongfully and cut his timber. There was a dispute as to the location of the boundary line. An agreement was signed naming two men who were to go upon the land accompanied by a third man, named Brown, whose only duty was to point out the line. In the event the two selected were unable to agree they were to select a third man. The two men selected agreed upon the value of the timber and therefore did not select a third man to act with them.

The proof in this case discloses that all of the items included in the list delivered to Kerns by Simpson were in dispute and that William Salisbury, one of the applees, had told his arbitrator, Simpson, what belonged to the building when appellants moved into it and what had been removed. When Simpson and Patrick met to make the award, Simpson presented an itemized list of property claimed to have been removed or damaged with his estimate of the damages. Patrick requested that the estimate of damages be reduced 20% and they compromised on a 10% reduction. He admitted that he did not know what condition the building was in when the appellants moved into it nor what controversy existed between appellants and appellees.

It is insisted that appellees did not desire to appear at the meeting of the arbitrators. Assuming this to be true, they had a right to expect that the man selected by them as an arbitrator would be present and that they would have the benefit of his arguments and suggestions.

We are of the opinion that the men selected to make the award in this case were arbitrators and not mere appraisers, and, having learned from one of the appellees the nature of his claims against appellants, that it was their duty to give the appellants an opportunity to be heard. Cravens v. Estes, 144 Ky. 511, 139 S. W. 761.

The law favors and encourages the settlement of controversies by arbitration and arbitrators are not expected or required to always follow the strict and technical rules of law but they must proceed with due regard for the rights of the parties.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.