**Joe GRAHAM and S & M Distributors, Inc., Appellants,**

v.

**Edith WALL, Executrix of the Estate of Jack Wall, Appellee.**

**No. 95–CA–002617–MR.**

Court of Appeals of Kentucky.

Feb. 21, 1997.

Julius Rather, Joseph B. Murphy, Lexington, for appellants.

James H. Frazier, III, George D. Gregory, Matthew W. Breetz, Lexington, for appellee.

Before EMBERTON, MILLER and SCHRODER, JJ.

*OPINION*

EMBERTON, Judge.

The appellant, Joe Graham, and Jack Wall, the deceased spouse of the appellee, Edith Wall, began a business known as Stereo Warehouse, a subsidiary of S & M Distributors, Inc., another of Graham's businesses. The relationship terminated in August of 1988 and Stereo Warehouse closed. In December 1988, Wall filed a claim alleging that he was due profits and an accounting. Graham counterclaimed asking for an accounting and amounts improperly paid to Wall's family. Wall died and appellee was appointed Executrix of the estate and substituted as a party.

The dispute now before us arises from a decision of arbitrators appointed after the parties agreed to submit the matter to binding arbitration. Graham maintains that pursuant to Ky.Rev.Stat. (KRS) 417.090, he was entitled to a hearing before the arbitration panel and that the panel's decision is not supported by substantial evidence. The appellee maintains, and the trial court agreed, that the parties waived any hearing requirements and that the decision of the panel is supported by sufficient evidence.

The parties agreed there was a dispute as to the value of the inventory at the start of the business; the value of the inventory at the termination of the business; whether any or all of it was "stale" and, therefore, had

decreased in value; and whether the inventory constituted a portion of the profits of the business. Additionally, the arbitrators were to decide whether the amounts paid to members of Wall's family were distributions of profits to Wall. Concisely phrased, the issue for the arbitrators to decide was one of accounting.

The agreement further provided for two certified public accountants to be the arbitrators, one selected by each party. In the event the two selected accountants were unable to reach a decision, a third arbitrator would be selected by those already named and a decision of two would be final. Section 10 of the agreement further provided that "each party shall submit such information to the arbitrators as the arbitrators may request."

The arbitrators met on "four or five occasions" from 1988 through December 1993, including an all-day session on Christmas Eve, 1993. No hearing, however, was held. When requested by the arbitrators, the parties supplied information to them. Unable to reach an agreement, pursuant to the arbitration agreement, a third accountant was appointed. In June 1995, a majority decision was reached by the arbitrators resolving the amounts in dispute.

■ Appellants maintain they were entitled to a hearing. KRS 417.090 provides that:

Unless otherwise provided by the agreement:

(1) The arbitrators shall appoint a time and place for the hearing and cause notification to the parties to be served personally or by certified mail not less than five (5) days before the hearing. . . .

The agreement to arbitrate is a contract and the parties can waive any rights they may have, including the hearing procedure. *Lombardo v. Inv. Management and Research*, Ky.App., 885 S.W.2d 320 (1994).

Although the arbitration agreement states that evidence shall be submitted as requested by the arbitrators, it is silent as to whether the hearing process is waived by the parties. Where the arbitration agreement does not contain an express waiver of a hearing, the parties are entitled to an opportunity to be heard, present evidence, and cross-examine witnesses. KRS 417.090(2); *Modern System Bakery v. Salisbury*, 215 Ky. 230, 284 S.W. 994 (1926).

■ The directive that the parties submit information to the arbitrators as requested is not sufficiently clear to constitute a waiver of the statutory requirement that the arbitrators conduct a hearing. The parties are entitled to a hearing and it was incumbent upon the arbitrators to designate its time and place.

Because the arbitrators' decision is procedurally flawed, we do not address the substantive issues raised. This case is reversed and remanded with directions that the arbitrators conduct a hearing in accordance with KRS 417.090.

All concur.