GrRAY, J.
This action was brought to foreclose a mechanic’s lien, filed by the plaintiff to secure a claim made by it against the defendants. The defendants interposed the plea of an arbitrament and award, and upon the trial that plea was held to be good and the complaint was dismissed.
The court refused also to allow the plaintiff to recover the amount awarded in the arbitration proceedings. The legal questions arising were carefully and well considered at the general term, where the judgment was affirmed. I consider the case to have been rightly disposed ef below, ancl, in considering this appeal, I shall review only generally some points which the appellant’s counsel has strenuously insisted upon before us.
The submission by the parties of their disputes to the judgments of arbitrators, it is conceded, was governed by common law principles and rules. Such submission may be competently made, notwithstanding the existence of Code provisions for arbitrations. Code of Civil Procedure, § 2386. Section 2386 of the Code applies equally to them and makes them irrevocable by either party after their allegations and proofs have been made and the matter has been finally submitted to the arbitrators. We so held recently in People v. Nash, 111 N. Y., 310; 19 N. Y. State Rep., 75, and it was there decided that when a submission has reached that stage it has passed beyond the power of the parties to withdraw from or to break it.
I£ the award, which is relied upon by the defendants in defense of this action, is unaffected and not avoided by anything appearing in the record before us, it was a complete bar to the maintenance of any action upon the original right or cause. For the original cause of action, as the result of arbitration, there was substituted this award, which is a new right, with corresponding obligations. The original right and cause of action arising out of the contract disappeared, or rather merged in this award. This result is a necessity, not only from the convention of the parties in the matter, but from the demands of the policy of the law. After parties have been heard before such a tribunal of their own choosing, upon the matters in difference between them, litigation is at an end on that head. Any other rule would be intolerable.
In Coleman v. Wade, 6 N. Y., 44, it was decided that submission suspends the original right of action and that when an award is made before suit the mode to make it available is by plea in abatement. In that case the cause of action was in assumpsit against defendants as guarantors of the performance by a lessee of his covenants in the lease. A submission to arbitration by the lessor and lessee as to rent due and concerning all claims and dam *598 ages being proved upon the trial, the plaintiff was nonsuited. It was said : “ There is no doubt that if a suit had been commenced on this lease by lessor against lessee, a plea in bar of this arbitrament and award would have been good.” In Wiberly v. Matthews, 91 N. Y., 648, it was held that after submission and award, between a contractor for the erection of a building and the owner, as to a controversy over extra and omitted work, the claim of the contractor was merged in the award and that award was a bar to the maintenance of an action on the original claim.
But it was argued for the appellant that the award here is not binding, because the arbitrators did not pass upon all the questions submitted to them. We can only judge as to the scope of the submission and of the decision, in the arbitration proceedings, from the agreement and the award itself, together with some evidence on the subject admitted upon the trial of this action.
The particular claims actually submitted to the arbitrators by the parties are not exhibited in the record. They grew out of a contract, by which the plaintiff was to perform certain work and to furnish certain materials upon and to the defendant’s houses. But I doubt if their particularization in this action would affect the question in any material aspect of it.
The agreement of submission was general and included “ all questions and disputes arising and to arise under said contract, including all claims of either party for damages for nonperformance, delay or otherwise.” The award recited that the arbitrators had “heard the proofs and allegations of the parties.” It then found that the plaintiff, under the contract, and in addition, had performed work, etc., of the value of $7,644.50; that from failure in completing its work within the time specified by the contract, the defendants had been damaged to the extent of $3,225.40; that the plaintiff had received, on account, the sum of $3,500, and after deducting the amount of the damages sustained from the amount found due, they allowed and awarded to the plaintiff the sum of $919.10.
The award was as general as was the submission, and every reasonable intendment must be made to sustain it. I find nothing whatever in the case impeaching the award, and it was incumbent upon the plaintiff to show, if it desired to avoid its conclusiveness, that there were any matters in difference presented to the arbitrators which they declined or neglected to decide. The language of their award is comprehensive enough of the general controversy, and I think it was conclusive on the parties as to all causes of action subsisting between them, and springing out of their contractual relations. No rule of law forbade their making an agreement to abide by the decision of selected arbitrators as to claims which at the time had grown out of the original contract, and as to those which might grow out of it during the continuance of the work upon which the plaintiff had engaged.
In the absence of some positive proof of neglect or refusal by the arbitrators to decide any of the particular matters presented under the submission, the presumption holds good that their award covers all of the submission. Ott v. Schrœppel, 1 Selden, 482. *599 The parties, certainly, were bound, under their general submission, to claim before the arbitrators all the demands coming within the scope of the submission and, in this case, the absence of negative proof forbids our disregarding the legal presumption that every such demand was laid before them.
I think a party is bound by the very spirit and letter of a general submission to submit every demand he has arising out of the transaction or contract, and if he fails to do so, he will not be heard to complain, in the face of a general award, that there were matters omitted to be passed upon. I think the rule should be a settled one, that the submission by parties of all matters in dispute growing out of a particular transaction or contract will estop them from thereafter claiming that the award is not conclusive, if its language and terms, when fairly regarded, are comprehensive. The presumption should be strongly upheld by courts that the arbitrator’s decision was a final adjustment of all matters in controversy.
These propositions find their support in well considered cases in the reports ; such as the early English and American cases of Smith v. Johnson, 15 East, 215; Dunn v. Murray, 9 B. & C., 780; Wheeler v. Van Houton, 12 Johns., 313; Ott v. Schrœppel, 1 Selden, 482; and Brazill v. Isham, 12 N. Y., 9. In Smith y. Johnson, Lord Ellenborough decided that when all matters were referred the parties ought to bring forward eveiy demand which was within the scope of the reference. In Dunn v. Murray, where all matters in difference, in a suit brought to recover wages for work actually done and damages for a tortious dismissal from service, were referred to arbitrators, the report was held by Chief Justice Tindal, on the strength of that decision of Lord Ellenborough, to be a bar to a subsequent action for the dismissal only; although no claim was made for it before the arbitrators, and their award was confined to the value of the work. These and the Hew York cases cited carry out the principle that the estoppel upon the parties is co-extensive with the submission, and the parties, where the submission is of all matters, will not be allowed to defeat the award by showing that a general award does not embrace a decision upon some particular matter or demand.
The only other points I think important to notice, upon this appeal, are those relating to the delivery of the award and to the direction as to the payment of the fees and expenses of the arbitrators. When they had made their award, the parties were notified ; but delivery was withheld until payment of the fees and expenses. By tne submission no time was fixed for the delivery of the award and from the case it appears that the arbitrators were requested to make frequent inspections of the work m progress and to give directions about it. Their duties under the terms of the submission related to questions and disputes which should arise thereafter, as well as those which had already arisen. The authority to award against parties the cost of the arbitration was an incident of the authority contained in the general submission of their disputes. Cox v. Jagger, 2 Cowen, 638; Strang v. Ferguson, 14 Johns., 161.
*600 Such an authority necessarily follows'from the employment of the arbitrators, and it involves, where the submission is a general one, the right to impose those fees and expenses in the proceeding upon one or both parties. The agreement of employment gave them the legal right to recover them, and necessarily to decide as to who should pay them. In legal contemplation the award takes effect when ready for delivery and the parties have been notified to that effect That the arbitrators may hold it as security for the payment of their charges, etc., unless the agreement stipulates to the contrary, does not at all affect the force or effect of their award. Ott v. Schrœppel, 3 Barb., 56.
I think the judgment appealed from should be affirmed, with costs.
All concur.