determined, and it was a very proper exercise of discretion by the assignee to treat the matter as he did. He should be allowed for the expenses actually incurred by him in the matter.

A small item of costs paid by the assignee for leave to serve supplemental answer in Folkart against Ginsberg and Hallheimer should have been allowed the assignee as a credit. It was claimed that the plaintiff, after commencing his action, had discharged and released his claim upon which the action was based, and the assignee desired to plead this discharge and release. It was quite proper that he should incur this expense, and it should be allowed. in his account.

There was no good reason why the assignee should be charged with $1,301.13, for goods sold at auction, when the assignee received therefor only $1,048.15.

The assignee was improperly charged with accounts which he did not and could not collect. We do not deem it necessary to go over these accounts in detail. There will have to be a new hearing before another referee, and the judgment of the new referee with reference to the facts should be had. Although the assignee was guilty of participation in the fraud of the assignor leading up to the assignment, still he was entitled to fair treatment upon the accounting. He should not be charged with property he never had and was not allowed to administer, nor with the proceeds of property he never realized. He should, moreover, be allowed credit for expenses necessarily incurred in the administration of the trust. Especially should he be treated fairly when the same determination fixes, not only his own liability, but also that of the sureties upon his bond.

We cannot agree with the court in approving the report of the referee. The order appealed from should be reversed, the report of the referee set aside, and a new referee appointed to take the accounting. In the final adjustment of the account, the assignee should be allowed the expenses of the accounting before the first referee and of this appeal; and, if the fund is inadequate to meet the expenses of the two references and of this appeal, the respondents should pay the assignee the costs of this appeal. All concur.

---

BURHANS et al. v. UNION FREE SCHOOL DIST. NO. 1 OF TOWN OF CANTON.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. ARBITRATION—CONCLUSIVENESS OF AWARD.
     The award of arbitrators, made under an agreement in writing between the parties to submit all matters in controversy, and that the award should be final, although not such an arbitration as fully complies with the statute, and no judgment was ever entered upon it, is conclusive between the parties as to all matters within the scope of submission.

2. SAME—ESTOPPEL TO DENY SUFFICIENCY.
     A party is estopped from questioning the sufficiency of an award by accepting the fruits thereof.

**3.** SCHOOL DISTRICTS—VOTING GRATUITIES.

    After an award had been made by arbitrators, the action of a majority of the taxpayers of the school district, which was one of the parties to the award, present at a meeting called for the purpose of considering the same, in voting to pay a sum in addition to the amount awarded, is void.

Appeal from judgment on report of referee.

Action by Henry N. Burhans and J. William Black against Union Free School District No. 1 of the town of Canton, New York. From a judgment entered upon the decision of a referee for plaintiffs, defendant appeals. Reversed.

In the year 1883 the defendant, through its board of education, entered into a contract with the firm of Braithwaite & Kelley for the erection of a school building in the village of Canton for the sum of $16,000. Thereafter, and before the completion of the building, it became necessary to depart from the original plans and specifications, and certain changes and alterations were made therein, in consideration of which the defendant agreed to pay the builders the additional sum of $1,442.40. Subsequently a change was made by the defendant in the system of heating, which required still further alterations in the school building. These alterations were made, and such additional materials as were rendered necessary in consequence thereof were furnished by Braithwaite & Kelley, at the request of the defendant, and when the building was completed a dispute arose between them and the defendant respecting their claim for such additional labor and materials, and thereupon the parties agreed to submit all matters and things in difference between them to three arbitrators, who were named in a written submission. A hearing was subsequently had before these arbitrators, and thereafter, and within the time specified in the submission, an award was made by them, in which it was determined that the firm of Braithwaite & Kelley was entitled to recover of the defendant the sum of $1,930.54. This award seems to have been unsatisfactory to both parties, the contractors insisting that it was wholly inadequate, in which view the board of education apparently coincided. Thereafter the defendant's board of education, upon the written request of a large number of residents and taxpayers of the district, called a special meeting of the taxpayers for the purpose of considering the award made by the arbitrators; and at such special meeting a resolution was adopted by a vote of 114 to 100 to raise by tax the sum of $1,214.42 to compensate the firm of Braithwaite & Kelley for extra labor upon the school house, in addition to the amount awarded by the arbitrators. This meeting was held on the 20th day of January, 1885, and within a day or two thereafter between 50 and 60 of the taxpayers of the district united in an agreement to resist the collection of any tax levied in pursuance of the resolution which was adopted at the meeting. On the 21st of November, 1884, Braithwaite & Kelley assigned all moneys due or to become due upon their contract with the defendant to the plaintiffs to secure the sum of $886.49 and interest, which they were owing the plaintiffs; and thereafter, and on the 17th day of January, 1891, the plaintiffs requested the defendant to assess the sum of $1,214.42, and interest thereon from January 20, 1885, upon the taxable property of the school district, and to issue a warrant for the collection thereof, which request was refused by the defendant, and thereupon, and upon the 19th day of January, 1891, this action was commenced.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

L. P. Hale, for appellant.

Thomas Hogan, for respondents.

ADAMS, J. This action was brought by the plaintiffs, as assignees of Braithwaite & Kelley, to recover the amount which they claimed was due to that firm by reason of the resolution adopted at

the special meeting in January, 1885, and in connection therewith they also sought by mandamus proceedings to compel the defendant's board of education to raise the tax voted at that meeting in the manner directed by the statute. This latter proceeding, which was tried at the same time with the action, and before the same referee, was dismissed upon the ground that the relators therein had an adequate remedy at law, and judgment was rendered in the action in favor of the plaintiffs for the amount of their claim against Braithwaite & Kelley, less the sum of $226.67, which had theretofore been paid thereon. There seems to be little or no controversy respecting the facts of the case, and, as we understand them, it appears that the defendant authorized and directed certain alterations to be made in its new school building, in order that the same might be the better adapted to a particular system of heating which had been decided upon. This being the case, it was undoubtedly within the province of the taxpayers of the district, at a special meeting, duly called, to vote such taxes as they deemed expedient and necessary to defray the expense of the alterations so made. Laws 1864, c. 555, tit. 9, § 10; also, Laws 1894, c. 556, tit. 8, art. 2, § 10. It follows, therefore, that if the action taken at the meeting of January 20, 1885, can be regarded simply as an expression of the will of a majority of the taxpayers present that a tax should be levied upon the taxable property in the district to defray the cost of certain necessary alterations which had theretofore been made in its school house, the learned referee was entirely correct in his conclusions, and the judgment appealed from should be affirmed.

This proposition makes it quite plain that the primary and all-important question to be decided upon this review is, was the action of the meeting of January 20, 1885, a valid exercise of the authority conferred by statute, in view of all the facts and circumstances existing at that time? And it is equally clear that, before this question can be intelligently and satisfactorily answered, it will be necessary to determine what effect shall be given to the arbitration entered into between the plaintiffs' assignors and the defendant. It appears that Mr. Braithwaite, a member of the firm of Braithwaite & Kelley, was present at the meeting of the defendant's board of education at which it was decided to make a change in the system of heating the new school building, and that both he and the members of the board then and there agreed to abide by the decision of Mr. Johnson, who was the architect of the building, in respect of the sum to be allowed for such alterations as were rendered necessary by reason of the change; and, consequently, when a dispute subsequently arose between the parties as to the proper cost of the alterations, it was agreed in writing to submit the matter in controversy to Mr. Johnson and two other persons, who were named in the submission, and that their award should be final and conclusive between the parties, provided the same should be made in writing, signed by all three arbitrators, and ready for delivery on or before November 25, 1884. In pursuance of this submission, a hearing was had, and an award was made within the time named, which was in writing, and signed

by all the arbitrators.    We do not understand it to be claimed that this arbitration was one which fully complied with the requirements of the statute (Code Civ. Proc. §§ 2366–2372), for the method of procedure adopted was quite informal, and the award which followed was never confirmed, nor was any judgment entered thereon. Nevertheless, the submission was doubtless good at common law (2 Am. & Eng. Enc. Law [2d Ed.] p. 539; Wood-Working Co. v. Schneider, 119 N. Y. 475, 24 N. E. 4); and, if so, the award, as between the parties, possessed the same force and effect as a final judgment in regard to all matters within the scope of the submission (Wheeler v. Van Houten, 12 Johns. 311; Coleman v. Wade, 6 N. Y. 44; Wood-Working Co. v. Schneider, supra).   We have, then, the case of an adjudication of the matters in controversy between the parties, which the plaintiffs claim should be disregarded simply because the amount awarded was deemed unsatisfactory and insufficient by their assignors.    It is to be observed that no attempt was made to vacate the award of the arbitrators, and, so far as the record discloses, no reason other than the one just mentioned is suggested why it should have been vacated.    But in the emergency thus arising recourse was had to the taxpayers of the district, and, a meeting having been duly convened to consider the subject, a resolution was adopted by a small majority of those present and voting "to compensate Braithwaite & Kelley for extra labor in addition to amount heretofore awarded."    At the date of this meeting the district was under no legal obligation to the plaintiffs or their assignors, for it appears that whatever claim they, or either of them, had against the district had been fully and finally adjudicated, and that the amount awarded was thereafter actually paid by a check for $226.67, dated the 8th day of December, 1884, which contained the statement that it was in payment of the "balance due B. & K. for extra work on the school building."    It would seem, therefore, that not only were the plaintiffs' assignors concluded as to the validity of their claim by the arbitration which they had entered into (Wood-Working Co. v. Schneider, 119 N. Y. 475, 24 N. E. 4), but that by accepting the fruits thereof they were also estopped from questioning the sufficiency of the award (Lowenstein v. McIntosh, 37 Barb. 251).    This being the situation, we think it cannot properly be said that the object of the meeting was to vote a tax to defray the expense of alterations made in the school building, nor was it to provide by tax for the settlement of a disputed claim; but, on the contrary, it was simply to vote something in the nature of a gratuity which a majority of the taxpayers seemed to think they, in justice, ought to pay the plaintiffs' assignors; and in these circumstances it seems hardly necessary to suggest that the action taken by the taxpayers was wholly unauthorized and illegal, for if, after submitting their claim to arbitrators, and accepting the amount awarded, the plaintiffs or their assignors were entitled to appeal to the taxpayers of the district for additional compensation, and if it can be said that in these circumstances a majority of the taxpayers had the power to tax their unwilling neighbors, as well as themselves, in order to gratify their sense of

48 N.Y.S.—45

propriety and justice, why might not the proceeding have been repeated, if perchance, upon further reflection, the contractors and their sympathizers should have concluded that the sum voted at the first meeting did not adequately represent the amount which the former ought to receive? It would have been altogether praise-worthy in those who believed that Braithwaite & Kelley had received scant justice at the hands of the arbitrators to have contributed from their individual resources to make good the deficit in the award; but when they attempted to force the district to pay a claim which it was under no legal obligation to pay, we are quite clear that their proceeding was so far ultra vires as to furnish no basis for such an action as the one at bar. It follows, therefore, that the judgment appealed from should be reversed.

Judgment reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.