## Deshon v. Scott's Administrator.

(Decided March 28, 1924.)

## Appeal from Franklin Circuit Court.

1. Arbitration and Award—Award Not Set Aside for Error of Judgment.—An award by arbitrators cannot be set aside by reason of an error of judgment in appraising property.

2. Arbitration and Award—Questions of Law may be Submitted to Arbitration, and Decision Binding in Absence of Fraud or Corruption.—Controverisies involving questions purely of law may be submitted to arbitration, and the decision of the arbitrators in respect thereto is binding, although contrary to law, unless fraud or corruption is imputable.

3. Arbitration and Award—Awards Liberally Construed.—Arbitration is encouraged, and awards are liberally construed.

4. Arbitration and Award—Maintenance would Not Reach Back of Agreed Order of Arbitration.—Award in an arbitration proceeding to determine the fee of an attorney will not be set aside on the ground that the attorney was guilty of acts amounting to maintenance, where there was an agreed order of arbitration limiting the question in controversy solely to the amount to which the attorney was entitled; the award being as effectual as a judgment secured by regular legal procedure.

HAZELRIGG & HAZELRIGG and GUY H. BRIGGS for appellant.

E. C. O'REAR and B. G. WILLIAMS for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

In 1906, one James A. Holt died intestate, a resident of Franklin county, leaving an estate estimated to be of the value of $265,000.00, a part of which consisted of a 750-acre farm on Elkhorn creek in Franklin county, which he devised with certain conditions and limitations to his cousins, Mrs. Clementine Deshon and Mrs. Clara Clark. He disposed of the remainder of his estate to other persons and institutions. By the terms of the will the 750-acre farm was to pass to the survivor in case of death of either without issue, and to a certain Masonic lodge in case of the death of both without issue of their bodies, but as between them the survivor was to pay the husband of the deceased the sum of $15,000.00 on taking the entire property. There were several limitations upon the use to which the farm was to be put, expressed in the will, including one that none of the bluegrass fields were to be

plowed, no tobacco was to be grown on the place and no cattle other than those belonging to the devisees were to be pastured upon the lands, and devisees were required to reside upon the lands.

The will was contested by the heirs of Holt, who employed appellee's decedent, James A. Scott, as attorney to represent them in the litigation. Mrs. Deshon and Mrs. Clark were not the testator's next of kin. After the institution of the contest Scott was also employed by the Deshons to represent them in the contest, the agreement, which was in writing, being as follows:

"That we have employed J. A. Scott as out attorney to represent our interest in said case, and for his services we agree—in the event of sucess—to pay the said Scott a sum equal to ten per cent (10%) of the difference in value of the estate which we now hold for life with the limitations upon it, and what the same property would be worth without the limitations, with a deed to same from the natural heirs of said Holt; and said difference is to be determined by two disinterested people, one to be selected by Deshon and one by Scott, and in the event of their disagreement, they to select a third; and in the event that the suit to break the will is unsuccessful then said Deshons are not to pay said Scott any sum for his services to them in connection with said will contest; and this agreement is made by the said Deshon and wife with the full knowledge of the facts that said Scott is likewise of counsel for the plaintiffs in the will suit, and this contract is not in any wise to interfere with any compromise agreement which may be made disposing of the will contest. Provided, however, said Scott agrees that if the Deshons conclude to keep the farm a reasonable time is to be given by him for payment of his fee, and in case of sale he is to receive only his *pro rata* if the sale is made at a loss, and to be paid as the purchase money is collected."

The Deshons desired the removal of the limitations upon the use of the farm of which they were then the owners, Mrs. Clark having in the meantime died without issue. A trial resulted in a hung jury. Following this negotiations were started looking to a compromise of

the contest case. A settlement was reached by interested parties in which the several restrictions upon the use of the farm were removed and the Deshons given an absolute estate therein, subject to be defeated only by the death of Mrs. Deshon without issue of her body. The agreement extended to all the several disputed questions and controversies and looked to a final determination of all of them. The Deshons having failed to pay Scott his attorney fee under the contract above copied, he brought this action during his lifetime to recover a sum equal to ten per cent of the increased value of the farm resulting from the removal of the restrictions upon the use thereof. After pleading to an issue, there being presented many defenses, the parties by an agreed order submitted their differences to arbitration. This order entered on the 29th of April, 1921, reads:

"By agreement of parties it is now stipulated and therefore ordered that all defense in this action is withdrawn save only the question whether the estate in the 750 acres of land in question devised to Clementine Deshon by the will of James A. Holt, was enhanced in the value to her by the compromise settlement and deed to her mentioned in the petition, and if enhanced thereby, how much.

"It is further agreed and ordered pursuant to the contract sued on that Keene McGinnis, selected by the plaintiff, and Howard Black, selected by the defendant, as arbitrartors (they to select a third as umpire) ascertain and fix the difference in the value of the estate which the defendant held and took in 750 acres of land with the limitations upon as fixed by said will of said Holt and what the same property would be worth without the limitations, then 10% of the difference so found, if any, shall be the sum to be adjudged the plaintiff on the contract sued on.

"Said arbitrators shall first be duly sworn, and proceed immediately to determine the question herein submitted to them, and may hear evidence under the ordinary rules pertaining to the introduction thereof in an ordinary action. They will return their award in writing to this term of the court."

The arbitrators were Howard Black and Keene McGinnis. They selected as umpire P. L. Gibson. The three

heard much evidence at various sittings, and on May 7, 1921, made the following award:

"Pursuant to the agreement of submission to in and the order of court herein, we desire to report that we find and fix the difference in the value of the estate held and taken by the defendant under the will of James F. Holt to the 750 acres of land described in the will, and value of said estate, with the limitations removed, to be ($40,000.00) forty thousand dollars. We therefore, award and allow to the plaintiff herein, 10% thereof, amounting to four thousand dollars."

Exceptions were filed by Mrs. Deshon to the award, but being overruled, judgment was entered in accordance therewith.

Upon this award the court adjudged Scott, as attorney, $4,000.00 with interest from the date of the judgment until paid. Being dissatisfied with the judgment entered upon the award Mrs. Deshon appeals.

Appellant now complains of several alleged errors in the proceedings committed prior to the agreed order of arbitration set out above, and insists that the judgment should be reversed for one or more of these several alleged reasons, although by that order all defenses in the action were withdrawn save only the question whether the value of the estate of the appellant in the 750 acres of land in question vested in her by the will of Holt was enhanced in value to her by the compromise settlement and deed to her mentioned in the petition, and if enhanced thereby, how much? The arbitrators after hearing evidence upon these questions decided that the value of the property was enhanced $40,000.00 by the removal of the restrictions, thus passing upon the two questions: (1) Was it enhanced? and (2) if so, how much? The award was full and complete. There is no charge of fraud or mistake of fact or law, but it is insisted by appellant that the arbitrators committed an error of judgment in that they appraised the property in its then condition free from restrictions at too high a price, stating their complaint as follows: "The amount of the award is too large, is inequitable and flagrantly out of all proportion to any increase in the value of the land secured to defendants by the compromise of December, 1911, over

the value secured to defendants under the will of the testator Holt, and said award and judgment is contrary to the law, and the evidence in the action, and same should be set aside, and a new trial be granted." There is no denial of the agreement to submit the questions involved to arbitration. The general rule with respects to agreements for arbitration, as stated in Corpus Juris, page 27, vol. 5, allows controversies involving questions purely of law to be submitted to arbitration. Such questions may involve the construction of a deed or will or the validity of either the construction of a statute or the sufficiency of a pleading, and the decision of the arbitrators in respect thereto is binding although contrary to law, unless fraud or corruption is imputable. To the same effect is the text of 2 R. C. L. 358. We have adopted the rule of liberally construing awards. We encourage arbitration. In the case of Poggenburg v. Conniff, 23 Ky. Law Reporter 2464, we said:

"An award will not be rejected if by any fair construction it can be sustained. It must be construed according to common sense and popular understanding; certainty to a common intent is all that is required. Brown v. Warnock, 5 Dana 493. No intendment will be indulged to overturn an award, but every reasonable intendment will be allowed to uphold it."

As grounds for upsetting the award and reversing the judgment it is insisted that Scott, as an attorney, to induce the Deshons to employ him in the contest case was guilty of acts amounting to maintenance and for this reason the award is and was invalid. We are unable to concur in this view. The facts so far as shown in this record do not sustain the imputations of maintenance against Scott; but if it were otherwise it would not reach back of the agreed order of arbitration and upset it since the general rule governing arbitration and award permits the submission to arbitration of both questions of law and fact and when decided by the board all such questions are finally closed as effectually as if determined in a like manner by a judgment of a court of competent jurisdiction.

The text of R. C. L., vol. 2, page 32, states the rule thoroughly:

"The award of arbitrators, acting within the scope of their authority, determines the rights of the parties as effectually as a judgment secured by regular legal procedure, and is as binding as a judgment, until it is regularly set aside or its validity questioned in a proper manner. Their decision on matters of fact and law is conclusive, and all matters in the award are thenceforth *res judicata,* on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy. . . . He had his chance, and, after the award, was concluded thereby and could secure no relief."

See also Shackelford v. Puckett, 1 A. K. Marshall (Ky.) 435; 19 L. R. A. 321; 31 L. R. A. (N. S.) 679; 47 L. R. A. (N. S.) 443.

Perceiving no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.