## United States Fire Insurance Company of New York v. Green.

### Camden Fire Insurance Association v. Same.

(Decided November 29, 1927.)

(Rehearing Denied, with Modification, January 17, 1928.)

### Appeals from Fayette Circuit Court.

1. Arbitration and Award.—Courts look with favor upon arbitrations and will uphold them where they have been made substantially in accordance with the laws governing such matters.
2. Insurance.—Arbitration of loss under fire policies held invalid, where insured was kept from the appraisal meeting although the company's adjuster was allowed to be present part of the time and the umpire, joining with one of the appraisers in making the award, did not know the facts of the case and was not present for all of the arbitration proceedings.
3. Appeal and Error.—Trial court's action in reducing the award of commissioner appointed to take proofs on loss under fire policies below the amount stated in the commissioner's report will not be disturbed by reviewing court, where evidence as to

amount of loss was conflicting, although the evidence preponderated in support of such report.

GOODON & LAURENT for appellants.

ALLEN, BOTTS & DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee, B. Green, carried two fire insurance policies on the contents of his automobile repair shop in Lexington in the appellant United States Fire Insurance Company of New York, and one policy in the appellant Camden Fire Insurance Association. He had a loss by fire and submitted his proofs showing that his damage was $1,810. The insurance companies insisted that the loss was far less and claimed the right of arbitration as provided for in the policies. Appellee selected an arbitrator, and the appellant selected one, and they met at the place of business of appellee for the purpose of determining his loss. The two arbitrators failed to agree, and the third, who seems to have acted as umpire, signed the award with one of them. Their award showed the loss to be less than $400.

Appellee was dissatisfied, and he instituted suit against the appellants separately to recover on the policy contracts. The appellants each filed an answer relying as a defense on the arbitration and award. Appellee replied that the arbtiration was not valid because the arbitrators would not allow him to be present when they made the appraisal, and that the man who acted as umpire was not sworn. The two suits were consolidated and heard together. The special judge, Hon. J. R. Bush, who was appointed to hear these cases, agreed with the contention of appellee that the arbitration and award could not be upheld, and the cases were referred to the master commissioner, with instructions to take proof as to the loss and make report. That officer painstakingly discharged his duty, and his report is clear and to the point. He found the loss was something more than $1,600. Exceptoins were filed to the report, some of which were sustained and others overruled. Upon a consideration of the evidence the lower court found that the damage to appellee was about $1,100, and he apportioned this between the insurance companies and rendered a judgment accordingly.

That courts look with favor upon arbitrations is admitted, and they will be upheld where they have been

made substantially in accordance with the laws governing such matters. We have no inclination to go into a lengthy discussion of the arbitration in this case, but we have reached the conclusion that the lower court was correct in holding it invalid. Mr. Lane, who acted as umpire, does not state in his deposition how he became umpire and neither does Mr. Graff, the arbitrator selected by the insurance companies, but probably we should assume that he was selected by the two arbitrators agreed upon. Mr. Cooper, the arbitrator selected by appellee, did not testify. One of the adjusters representing one of the appellants was present at least a part of the time while the appraisal was made. The appellee was not allowed to remain in the room, although the proof discloses that he ''butted'' in a time or two, to use the language of one of the witnesses, and at another time he was called in. But it is admitted by the witnesses that he was kept out in so far as it was possible to keep him out. He became much excited when he went in on one occasion, and while it may be that he was not forcibly ejected, he was rather sternly ordered to get out.

Mr. Lane was not present at all times while the appraisal was going on. He admits that he knew little about repairing radiators, and the main item of damage related to the injury caused radiators by the fire. He stated in his deposition that the two arbitrators generally agreed, and he took no part in the discussion of matters where they did agree and gave it very little attention. According to his own testimony he could not himself of his own personal knowledge know whether the damages were correctly agreed upon in cases where he did not make an inspection himself, and there is no proof showing in what particular he took part in determining disagreements between the arbitrators. When the matter was concluded he signed the award with one of the arbitrators, and we are well convinced from his own testimony that he was not in position to say whether the award was correct, as he had not taken part in a consideration of the items which went to make up the amount of the award. He could not have determined the sound value of the supplies which were damaged nor the loss and damages to them without having made an inspection himself. Ordinarily, where the arbitrators disagree, the umpire must make the award; but the contract under which this matter was submitted to arbitration provided that any two of those acting might make the

award, and under such an agreement the umpire was under the duty to familiarize himself with the entire matter so that he might join with one or the other of the arbitrators in fixing the amount of the award. This he did not do. The case of Harth Bros. Grain Co. v. Continental Insurance Co., 102 S. W. 242, 31 Ky. Law Rep. 180, is a case in point. In that case the owners of the property damaged were not given an opportunity to be present with their books or other evidence to show the extent of their loss during the arbitration proceedings. They had been advised by the arbitrators that their presence was not necessary. The court said:

> "This was improper. Appellants should have been given this opportunity. It is true that the arbitrators were shown to be experienced men in this line of business; and, if appellants should have been permitted to be present with their evidence, it might not have changed the result."

The court further said in that case:

> "From the evidence we are not prepared to say that appellees, or any one of the arbitrators, were guilty of fraud or an intentional wrong in arriving at the result of this arbitration; but we are convinced that mistakes, or errors, were committed to the prejudice of appellants."

That language is applicable to our conclusions in this case.

Counsel for both appellants and appellee cite many cases from other jurisdictions in which it has been held that the parties agreeing to an arbitration are entitled to be present and offer evidence in support of their claims, or that they are not entitled to be present, and we shall not attempt to enter into a discussion of these cases. The matter was touched upon in the recent case of Modern System Bakery v. Salisbury et al., 215 Ky. 230, 284 S. W. 994. The conclusion of the court in that case, after citing authorities and drawing distinctions, was stated in the following language:

> "The law favors and encourages the settlement of controversies by arbitration and arbitrators are not expected or required to always follow the strict and technical rules of law but they must proceed with due regard for the rights of the parties."

The conclusion therein expressed is sound. Arbitrators are to determine the rights of the parties, and in each case the facts should disclose that they were diligent in their efforts to reach a correct conclusion. We do not believe from the facts in this case that the arbitrators proceeded with due regard for the rights of the parties, and for that reason the lower court was correct in setting aside the award. What was required in this case was more than a mere appraisal of damaged property, and a correct appraisal of that which was damaged required more than was done.

Appellee has obtained a cross-appeal, and it is urged in his behalf that the lower court should not have reduced the damages below that fixed by the master commissioner in his report, as the evidence does not support the reduction which was made.

Upon a consideration of all the evidence we have reached the conclusion that the lower court in the exercise of a sound discretion in weighing the evidence was justified in making the reduction, although it may be that the evidence preponderates in support of the report of the master commissioner. We will not disturb his judgment in making the reduction.

Judgment is affirmed on both the original and cross appeals.