## General Exchange Ins. Corporation v. Harmon.

Dec. 12, 1941.

William R. McCoy and John E. Jenkens for appellant.

S. M. Maynard and Jasper H. Preece for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellee, in April, 1938, purchased a truck from Fry Brothers Garage for $970. He paid $281 down, leaving a balance due of $689.75, for which he executed notes under the usual condition sales contract. This contract was cotemporaneously assigned to a financing corporation, at which time appellant issued an automobile insurance policy to the "dealer and purchaser," including therein the finance corporation, proceeds to be paid to the finance company as its interests might appear, "to an amount not exceeding the actual cash value of the property at the time of any loss or damage occurs, nor in any event, the limits of liability specified," subject to depreciation, perils and conditions stated in the contract.

In addition to limitations stated, it was provided that any damage or loss should be ascertained with proper deduction for depreciation from any cause, in no event to exceed the limit of liability, nor what it would

cost to repair or replace the vehicle or parts with other of like in kind or quality, the estimate to be ascertained by the assured and insurer. If they could not agree, then the extent of loss or damage was to be fixed by appraisers. The policy then set out specifically the method of appraisement and arbitration, which we need not repeat, since it appears the procedure was adhered to in this instance, following failure of assured and insurer to agree as to extent of loss or damage.

In the conditional sales contract there appeared this clause:

> "The proceeds of any insurance, whether paid by reason of loss or injury, or return premium, shall be applied toward the replacement of the property or payment of this obligation at the option of the seller."

About two months after the transactions noted the truck was damaged by fire. Appellee and insurer were unable to agree on the extent of damage, and the insurer, according to the contract, selected an appraiser and appellee another, both admittedly experienced "automobile men." They made a survey and reported that the damage amounted to $330. Appellee admits the selection of one appraiser, but under a belief that his choice did not take part in the appraisement, selected without notice to insurer another experienced automobile man, who viewed the damaged car. He did not make a report, but testified for plaintiff and fixed the damage at $319.

The finance company, asserting its right under the contract, elected to apply the proceeds of the policy to the purchase price of the vehicle, and so notified the insurer, who on October 31, 1938, sent its check to the company for the amount of damage ascertained by the appraisers. This was at once credited on the sales price of the truck, leaving a balance due of $321.41. It appears from the proof that following the damage, or appraisement, the purchaser declined to make further payments, and at a later date the car was repossessed. This matter is not here involved.

In the following April, Harmon instituted suit solely against insurer, pleading the issuance of the policy to him, the loss and damage by fire, which he says "practically destroyed" the truck, alleging that his damage was to the amount of $500. The insurer answered, set-

ting up both the insurance and conditional sales contracts, and relied on their terms; the fact of appraisal and payment of ascertained loss to the finance company, under the contracts.

After some proof the court submitted the issue to the jury, which returned a verdict for $330, the amount of the appraisers' finding, and judgment was entered in accord. Appellant presents the record; moves for appeal and asks reversal, on the ground that the court should have directed a verdict in its favor, either at the close of appellee's proof, or after all proof, at both of which times motions were made but overruled.

Appellee testified and introduced his second selected appraiser. The latter only stated that he viewed the car following the fire, and adhered to his former estimate of damage. He declined to fix the difference in value before and after damage, because he had not seen the truck prior to the fire. Mr. Harmon identified and presented the policy; he fixed the value of the truck previous to the fire at $900, and estimated the value following injury at "not over $250." He insisted he was not in arrears on payments when the truck was burned, but said he was so at time of appraisement and when the truck was repossessed. This seems immaterial, as there was no issue presented as between appellee and finance company. He admits failure to agree and selection of appraiser; tells of selection of the third appraiser, and admits that he had notice of the appraisal by Flanigan, whom he had first selected, and as far as the record shows made no objection, and that appraisement was made in accordance with the policy.

After appellant's motion for peremptory was overruled, it introduced proof, chiefly the conditional sales contract, copy of check to finance company, evidences of status of account, proof as to failure to agree, and appraisement, none of which is denied.

Appellee had not filed brief. Appellant by counsel contends that he was entitled to directed verdict at the close of plaintiff's testimony. We need not discuss this point, but we are of the opinion that the court should have directed a verdict at the close of the case. The conditional sales contract is not in issue, and even though it may have been thought so, the finance company was not made a party to the suit.

The insurance company, at the time the suit was instituted, had discharged its liability, based on the agreed appraisement, and · neither the agreement nor conditions of the policy, under which made, is attacked in pleading or proof. So, the only question is whether or not appellee was bound by the appraisement, and the settlement for the damage in the manner indicated.

This court has, as have a majority of courts in other jurisdictions, by their endorsement thereof, encouraged settlements by compromise or arbitration, and construed applicable law liberally to uphold awards thus made, where there is no showing of fraud or mistake. Our court has held that when an award is made under arbitration, its effect is as binding on the parties, if within the scope of the agreement, as is the judgment of a civil court of jurisdiction. Bogard v. Boone, 200 Ky. 572, 255 S. W. 112. We have also held that the common law right to submit controversies has not been re-. pealed by statute. Section 69 et seq., Kentucky Statutes.

In the absence of any showing that the requirements of the statute were not strictly followed, we may assume that they were, though this is immaterial, as shown clearly by reference to Miller v. Plumbers Supply Co., 275 Ky. 647, 122 S. W. (2d) 477. That this court favors arbitration and settlements thereunder when fairly made, see Deshon v. Scott's Adm'r, 202 Ky. 575, 260 S. W. 355; 3 Am. Jur. p. 950, Section 129.

That a provision in a policy of insurance, similar to the one here issued, is valid is hardly debatable; most courts in which the question has arisen have so held, many of them, however, involving the question as to when and under what circumstances suit may be instituted, as will be shown by reference to Norwich Union Fire Ins. Society v. Cohn, 10 Cir., 68 F. (2d) 42, 94 A. L. R. 494, on page 501, and cases cited both in the main opinion and in appended notes, citing several Kentucky cases which deal with a question not common to the simple one here presented.

A reading of the cases noted, and others, convince us that appellee was bound by the conclusions reached by the arbitrators. Appellee fails to hint at anything which would justify us in holding otherwise; he pitched his right to relief on nothing more than a suit to recover on the policy what he deemed to have been the extent

of the damage to the truck. This damage had been met by the insurer by payment to finance company under a finding of the extent of damage; likewise under its election to take the proceeds of the policy and apply it to deferred payments on the truck. As the case was presented appellant was entitled to have the court sustain its motion for verdict in its favor.

The motion for appeal is sustained; judgment reversed for a new trial, consistent with this opinion.

Judgment reversed.