Upington v. Commonwealth Ins. Co. of New York.

Same v. American Alliance Ins. Co. of New York.

Same v. New Hampshire Fire Ins. Co.
of Manchester.

Same v. Hardware Mut. Ins. Co. of Minnesota.

Sept. 29, 1944.

Keenon & Odear for appellant.

Wm. Marshall Bullitt and Leo T. Wolford, and W. A. Minihan for appellees Hardware Mut. Ins. Co. and New Hampshire Fire Ins. Co.

T. M. Galphin, Jr. and W. A. Minihan for appellees Commonwealth Ins. Co. and American Alliance Ins. Co.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

These four cases were brought at law by Fred W. Upington, who was engaged in Lexington in the business of reconditioning automobiles and other vehicles, to recover damages done his three-story building, as well as damages to his stock and equipment, by a fire occurring about 10 o'clock on the night of May 18, 1941. The Hardware Mutual Insurance Company and the New Hampshire Fire Insurance Company carried policies aggregating $10,000 on the building, while the Commonwealth Insurance Company and the American Alliance Insurance Company carried policies on the stock and equipment in the aggregate sum of $2,500. These four appeals have been heard together and all of them will be disposed of in this opinion.

Plaintiff alleged damages to his building of $4671.38, and damages to his stock and equipment of more than $2,500, the full amount of insurance carried on the latter; that there was delay in adjusting the loss and the insurance companies agreed to pay any damages caused by the delay, which amounted to $1750 and were caused by rain coming through the fire-damaged roof.

The first paragraphs of the answers denied the damages to the building were in excess of $1472.68, or that the damages to the personal property exceeded $1035.05; and further denied defendants' agents agreed to pay plaintiff for any damages incurred by reason of delay in arriving at a settlement. In subsequent paragraphs it

was pleaded that the parties arbitrated the losses as provided in the policies and an award was made plaintiff of $2013.12 for the damages done his building and another award was made him of $1035.05 for the damages to the stock and equipment. The respective insurance companies offered to confess judgment for their proportionate parts of such sums for which they were liable. The two companies carrying policies on the building further pleaded that their policies only insured against fire and none of their agents had authority to agree to protect plaintiff against loss caused by delay in arriving at settlements and that it was plaintiff's duty to protect his damaged building from the elements.

Replies were filed on November 29, 1941, controverting the answers and then pleading affirmatively that by fraud or mistake the appraisers failed to consider certain damaged items set out in the pleadings and that plaintiff became dissatisfied and withdrew from the arbitration before the awards were signed, and he prayed that they be set aside. Rejoinders traversed the replies. Motions to transfer the causes to the equity docket were filed on February 23rd, and over plaintiff's objections were sustained on February 28, 1942. Plaintiff complains of this ruling on the ground that the motions came after answers were filed and were too late under section 10, subsec. 2, of the Civil Code of Practice. As the replies asked that the awards be set aside, an equitable issue was formed and under sec. 11, subsec. 2, of the Code the cases were properly transferred to the equity docket. Queen Ins. Co. v. Marks, 204 Ky. 662, 265 S. W. 30.

On October 31, 1942, plaintiff tendered amended replies in which he averred that Don Campbell, the appraiser named by the companies carrying the insurance on the building, and J. B. Shelnutt, named as appraiser by the companies carrying insurance on the personal property, were not disinterested appraisers as represented by defendants, but were regularly employed by insurance companies in such roles and were engaged in purchasing fire-damaged stocks from insurance companies, all of which was unknown to plaintiff, and by reason of the companies selecting Campbell and Shelnutt the awards were null and void. It is insisted that as the insurance companies did not rejoin to these amended replies, the averments contained in them should be taken as true. But the amendment effective on June 1, 1942,

Acts 1942, c. 200, to sec. 98 of the Civil Code of Practice makes rejoinders unnecessary even if the replies be treated as filed and not merely tendered.

After considerable proof was taken the chancellor refused to set aside the awards and gave judgments for the plaintiff for the amount of each award, except he reduced the award on the personal property by $240, the value of certain antique furniture which he held was not covered by the policies. In asking a reversal of the judgments plaintiff insists: 1. That the arbitrators selected by the insurance companies were interested and therefore disqualified. 2. That by fraud or mistake the appraisers failed to consider all of the damages to the property. 3. That the chancellor erred in refusing to allow damages done the antique furniture and should have upheld the personal property award or set it aside in toto.

There is no evidence in the record that Campbell or Shelnutt, the two appraisers named by the insurance companies, were interested in behalf of the companies naming them or that they acted fraudulently or corruptly. Both appear to be honorable and competent business men. Campbell is a former contractor of Lebanon, who is now Chief of the Wholesale and Retail Section of the Lumber Division of the War Production Board. Shelnutt is engaged in the general salvage business and makes appraisals in Louisville, working mostly for the bankruptcy court of that city. The fact that each had on prior occasions acted as appraisers for insurance companies in adjusting fire losses does not disqualify them. Continental Ins. Co. v. Vallandingham & Gentry, 116 Ky. 287, 76 S. W. 22, 24, 105 Am. St. Rep. 218; R. E. Jones & Co. v. Northern Assur. Co., 182 Ky. 701, 207 S. W. 459, 462.

Plaintiff selected Joseph R. Gianinni, a contractor and architect of Lexington, as his appraiser of the damages done the building and he and Campbell agreed on the award without calling in an umpire. Gianinni testified he was misled by certain figures furnished him by Campbell as to the cost of repairing the roof, electric wiring, etc., and that such repairs greatly exceeded Campbell's estimate. It might be well to remark here that we do not deem it necessary in these cases to determine whether or not an appraiser is a competent witness to impeach an award he has signed, as no such tes-

timony was offered. The record shows that Campbell obtained his figures from contractors and while they may have been low, there is no testimony indicating that he intentionally misled Gianinni or perpetrated a fraud upon him. Gianinni was familiar with the building and the record shows he had inspected the fire damage before he was named by plaintiff as an appraiser. He was an architect and contractor with years of experience and was as competent as Campbell, or as the persons from whom Campbell obtained his information, to determine the cost of repairing the building.

There had been a fire in this building some sixteen years previous to the one under consideration, and the evidence shows that in some instances it was difficult to determine whether certain of the damages were caused by the first or the second fire. Plaintiff introduced on the trial witnesses who testified that the amounts allowed for repairing specific items were not sufficient. But he had opportunity to present these witnesses to the appraisers and failed to do so. He cannot wait until after the award has been made and then present evidence to the court that the award is inadequate and have it set aside on that ground. United States Fire Ins. Co. v. Green, 222 Ky. 298, 300 S. W. 900. Mere inadequacy in the amount, or mistake of judgment by the arbitrators in fixing same, is no ground for setting aside the award. Kentucky Chair Co. v. Rochester German Ins. Co., 49 S.W. 780, 20 Ky. Law Rep. 1571; Ætna Fire Ins. Co. v. Davis, 55 S.W. 705, 21 Ky. Law Rep. 1456; Burchell v. Marsh, 17 How. 344, 350, 15 L. Ed 96; Vincent v. German Ins. Co., 120 Iowa 272, 94 N. W. 458.

Plaintiff selected James Clarkson, superintendent of an awning company in Lexington, as his appraiser of the stock and equipment, and at Clarkson's suggestion F. E. Mohler, an automobile salesman of that city, was named as umpire. Shelnutt, the insurance companies' appraiser of the stock, and Clarkson could not agree and they called in Mohler as umpire. These three, accompanied by plaintiff, went through the building together and appraised the stock and equipment from a list made by plaintiff. An entire day was spent in the building examining each item of stock and equipment on this list in an attempt to arrive at its sound value and at its damage. When the appraisers disagreed, the umpire made his estimate. That night the two appraisers

and the umpire met in Shelnutt's room at the hotel, went over their list and figures from 8 to 12:30 o'clock and agreed upon an award of $1035.05, which all three signed.

Certainly, there was no fraud or mistake in this appraisal. If plaintiff thought there were latent damages to some of his equipment, or that the damages were not fixed high enough, as some of his witnesses testified on the trial, he should have presented such proof to the appraisers instead of taking his chances on remaining quiet and then introducing proof on the trial to set aside what he considered an inadequate award. United States Fire Ins. Co. v. Green, 222 Ky. 298, 300 S.W. 900.

Courts look with favor upon arbitration of controversies and regard an award as binding on the parties, in the absence of fraud or mistake and when made within the scope of the agreement, as is a judgment of a court. General Exchange Ins. Corp. v. Harmon, 288 Ky. 624, 157 S.W. 2d 126. To justify the chancellor in setting aside an award the evidence attacking it must be clear and convincing. Reager's Adm'x v. Pennsylvania Co., 169 Ky. 479, 184 S. W. 395. The evidence in these cases lacks much of measuring up to this standard and the chancellor did not err in failing to set aside the two awards.

The antique furniture in the building was not part of plaintiff's stock, nor was it held for repairs, but was family furniture which he had stored in his building and it was not for sale. The policies only covered machinery, stock and plaintiff's interest in any property belonging to others upon which he was working in the building, or within 100 feet thereof. Therefore, the chancellor correctly deducted its value of $240 from the award made on the stock and machinery, since under the arbitration agreement the appraisers and umpire were authorized to determine the amount of loss and damages but were not authorized to determine what property was covered by the terms of the policies. To the extent that the arbitrators exceeded their authority the award is void and the chancellor correctly deducted this $240 from the award made on the stock and machinery. St. Paul Fire & Marine Ins. Co. v. Eldracher, 8 Cir., 33 F. 2d 675, certiorari denied, 280 U.S. 604, 50 S. Ct. 86, 74 L.Ed 649.

The judgments are affirmed.