## Kentucky Home Mut. Life Ins. Co. v. Watts.

March 18, 1947.

J. C. Carter, Judge.

Woodward, Dawson, Hobson & Fulton, L. H. Hilton and Montgomery & Montgomery for appellant.

Moore & Pittman for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

This is the second appeal of this case. The opinion on the former appeal is reported in 298 Ky. 471, 183 S. W. 2d 499. The facts are set out at length in that opinion, and will not be repeated here. The judgment was reversed on the former appeal because the trial court erroneously refused to permit the defendant Insurance Company to file an amended answer setting up as a defense the fact that the insured was ruptured at the time he applied for the insurance; that in the application he answered the question in respect to the existence of a

rupture in the negative; that the answer was false and material to the risk, and the policy would not have been issued had the insurer had knowledge of the true facts. On return of the case the amended answer was filed, and the plaintiff filed a reply traversing the material allegations of the amended answer, and pleading affirmatively that the question "are you ruptured" was not asked the insured; that the agent of the insurer wrote the answer in the application without the consent or knowledge of the insured; and that the insured did not adopt such answer and did not know the question and answer were in the application. The defendant offered to file a rejoinder traversing all affirmative allegations of the reply and pleading estoppel. The court refused to permit the rejoinder to be filed. On the trial of the case the jury returned a verdict for $2,000 in favor of the plaintiff, and the defendant again appeals.

It is first argued that the court erred in overruling appellant's motion for a peremptory instruction at the conclusion of the evidence for the plaintiff and again at the conclusion of all the evidence. The same argument was made on the first appeal, and was disallowed. The witnesses at the two trials were the same, and the evidence was substantially the same on the issue as to whether the insured committed suicide or accidentally shot himself. The only additional proof at the second trial related to the alleged false answer in the application to the question "are you ruptured," and the real issue was whether insured had a hernia at the time he signed the application. The testimony upon which appellant relied to establish that the insured had a hernia appears in the cross-examination of the appellee, Charlie Watts, the beneficiary named in the policy and father of the insured. On cross-examination the appellee was asked these questions and made these answers:

"Q. Was Virgil Watts ruptured? A. I don't know for sure whether he was or not. He wore a band is all I know.

"Q. What did he wear the band for? A. I thought he was ruptured.

"Q. How long had he wore the band? A. Ever since he was a child."

He stated that his son never had a doctor, and the band was made by the insured's mother.

Several witnesses testified that Virgil Watts was strong and healthy in appearance, worked regularly, and did heavy farm work such as loading logs, plowing, and lifting heavy posts. Dr. W. J. Sweeney testified in answer to a hypothetical question that the insured could not have had a hernia. It was shown that he had been given a physical examination by a physician of the local draft board, and had been placed in class 1-A for military service.

The appellant introduced the official stenographer who read the testimony of appellee, Charlie Watts, on the first trial, in which his statements were more positive than on the second trial that his son had a hernia, but this evidence merely went to his credibility as a witness. The weight of the evidence was to the effect that the insured did not have a rupture.

A motion to strike the instructions because they were neither made a part of the bill of exceptions nor identified by an order of court has been sustained, but the briefs inform us that the court submitted to the jury the question as to whether the insured had a rupture. The evidence was amply sufficient to sustain the verdict in this respect.

Appellant complains because the court sustained an objection to the filing of its rejoinder. Section 89 of the Civil Code of Practice limits pleadings to (1) petitions, answers and replies, and (2) demurrers. Section 98 of the Civil Code of Practice provides that all affirmative allegations in a reply shall stand traversed of record. Rejoinders are no longer permitted or necessary. Upington v. Commonwealth Insurance Company of New York, 298 Ky. 210, 182 S. W. 2d 648. The affirmative matter in the rejoinder tendered by appellant was merely an affirmative denial of the allegations of the reply.

Complaint is made of the exclusion of the testimony of L. B. Brandenburg, agent of appellant, after he had testified to certain statements of the insured at the time the application was signed, but the error, conceding it to be such, was not prejudicial in view of the character of the evidence which failed to establish the existence of a

hernia. Appellant objected to the testimony of Dr. W. J. Sweeney apparently on account of the facts stated in the hypothetical question, but the question was based on facts proven by other witnesses and was competent.

We find no prejudicial error, and the judgment is affirmed.