Application of JACKSON.

SMITH & BIRD v. KENTUCKY RIVER MILLS, Inc.

District Court, S. D. New York.

March 31, 1948.

Emmet, Marvin & Martin, of New York City (George W. Martin and Thomas B. Fenlon, both of New York City, of counsel), for G. Harry Jackson, petitioner.

White & Case, of New York City (Orison S. Marden and Edgar E. Barton, both of New York City, of counsel), for Kentucky River Mills, Inc.

MEDINA, District Judge.

This is an application by G. Harry Jackson, as assignee of Smith & Bird, to confirm, under the Federal Arbitration Act, Title 9 U.S.C.A. § 9, an alleged award of an arbitrator, dated December 30, 1947.

On April 10, 1944, Kentucky River Mills, Inc., entered into a written agreement for the purchase from Smith & Bird of 79 tons of Brazilian caroa fiber. Upon the refusal by Kentucky River Mills, Inc., to accept delivery, a demand for arbitration was served by registered mail pursuant to the terms of an arbitration clause in the contract which provided that "Any dispute arising out of this contract or its interpretation shall be settled by arbitration in New York in the customary manner." The arbitration clause further provided that upon the failure of either party to appoint an arbitrator within seven days after receiving the other party's nomination of an arbitrator, the one arbitrator nominated might act as sole arbitrator. Accordingly, without any appearance or participation by Kentucky River Mills, Inc., Edward M. de Castro, petitioner's nominee, proceeded with the arbitration and made an award on January 10, 1945. That this "first award" was in all respects regularly made is not disputed; nor do the papers on this application indicate that it was other than a valid award, in all respects.

In mistaken reliance upon the arbitration clause of the contract as a consent to jurisdiction in personam by the Supreme Court of the State of New York, Smith & Bird proceeded to apply to that court for the entry of judgment upon the "first award," notice of said application being served by registered mail. Judgment was thereupon entered on the award on January 31, 1945, in favor of Smith & Bird and against Kentucky River Mills, Inc.; and an action on the New York judgment was commenced in the United States District Court for the Eastern District of Kentucky, where service of process was duly made upon Ken-

tucky River Mills, Inc. A motion to dismiss was granted by Judge Ford on May 3, 1946, upon the ground that the arbitration clause did not contain any consent to jurisdiction by the New York courts. Jackson v. Kentucky River Mills, D.C.E.D.Ky., 1946, 65 F.Supp. 601.

As the one-year period within which an application could have been made in this *Court to confirm the "first award" of January 10, 1945,* had expired, and evidently being of the opinion that an action on the "first award" could not be maintained, G. Harry Jackson, to whom the New York judgment had been assigned prior to the commencement of the action in Kentucky, applied by order to show cause dated August 2, 1946, to the Supreme Court of the State of New York, New York County, for an order vacating the judgment entered on the award and remitting the matter to the same arbitrator for the making of a new award and for such other proceedings as might be deemed proper. This curious procedure was adopted in order that the arbitrator might pass upon an alleged "new" dispute, namely the question of whether or not it was the true intent and purpose of the arbitration clause to evidence a consent on the part of Kentucky River Mills, Inc. to submit to the jurisdiction of the New York courts. Accordingly, on November 12, 1946, the same arbitrator made a "second award" in which he again fixed the damages and in addition found that it was the true purport and intent of the arbitration clause that the parties consented to the jurisdiction of the courts of general jurisdicion of New York and of the United States District Court in New York to render judgment upon the award. In connection with these proceedings no personal service whatever was made upon Kentucky River Mills, Inc. in New York, the papers were served as before by registered mail, and there was no appearance or participation in the proceedings by Kentucky River Mills, Inc.

An application in this Court to enter judgment upon the "second award" was denied upon the ground that after the first award the arbitrator became functus officio; and, on reargument, the determination was adhered to but for the different reason that

the arbitration proceedings leading to the "second award" were not duly initiated, because of insufficient notice.

The final step in this maze of procedure was the service of further papers by registered mail, leading to the "third award" by the same arbitrator, on December 30, 1947, which is the subject matter of the present application.

■■ The proceedings in the New York State Supreme Court were a complete nullity for lack of jurisdiction. The judgment on the "first award" and the judgment of vacatur left the "first award" in full force and effect, as though the proceedings in the New York Supreme Court had never taken place. The attempt of the arbitrator so to construe the contract as to create, ex post facto, a spurious consent to the jurisdiction of the New York Supreme Court was also void, not only because the contract evidenced no such consent and the very matter had been litigated in the United States District Court for the Eastern District of Kentucky, but because the power of the arbitrator to act at all ceased upon the making of the "first award." 6 Williston, Contracts § 1927A (Rev.Ed. 1938).

■ While it may be true that an arbitration award may be disregarded where for some reason the arbitration proceedings are invalid and defective, no reason has been advanced nor authorities cited to justify the disregard of an award which is in all respects valid and proper, as is the case here. The claim for damages became merged in the award. The New York Lumber & Wood Working Co. v. Schneider, 1890, 119 N.Y. 475, 24 N.E. 4; Brazill v. Isham, 1854, 12 N.Y. 9; Burhans v. Union Free School District No. 1, 1897, 24 App. Div. 429, 48 N.Y.S. 702; Campbell v. The Company of Proprietors of the Champlain & St. Lawrence R. R., 1858, 18 How. Prac., N.Y., 412; General Exchange Ins. Corp. v. Harmon, 1941, 288 Ky. 624, 157 S.W.2d 126; 6 Williston, Contracts § 1927 (Rev.Ed.1938).

Were the case otherwise, petitioner might not only circumvent the one-year period of limitation contained in the Federal Arbitration Act, Title 9 U.S.C.A. § 9, but, if

dissatisfied with the award in the "first" arbitration, might proceed with successive further arbitrations, before the same or another arbitrator, until finally satisfied with the amount of the award.

Application denied.

Settle order on notice.