### SMITH et al. v. HILLERICH & BRADSBY CO., Inc.

Court of Appeals of Kentucky.

Dec. 19, 1952.

William Friedlander, Louisville, J. Jerald Johnston, Frankfort, for appellants.

Hubert T. Willis, Louisville, for appellee.

WADDILL, Commissioner.

Appellants brought this suit to compel appellee to comply with the award of an arbitrator in a labor controversy between the parties. The Chancellor dismissed appellants' petition and set aside the award because the arbitrator "failed to follow the law of the land."

It appears that appellee, Hillerich & Bradsby Company and the United Steelworkers of America, C.I.O. and its Local Union No. 3931, of which appellants were members, had entered into a contract on March 24, 1950. This contract provided, among other things, that should differences arise between the company and the union or its members employed by the company, attempt should be made to settle their disputes through certain procedural steps ending in submission of the grievance to arbitration if an agreement could not be reached in a simpler fashion.

The particular grievance involved in this case arose in June, 1950, when the workers at appellee's golf club plant staged a "wildcat" strike in sympathy for one Howard Bryant who had been discharged for failing to make his quota on a new type sander.

Appellants were "fired" for their participation in this unauthorized strike.

Under the contract above referred to, the company may discharge employes "for cause" and the Union has the right to question dismissals and discharges of employes.

The Union "made a grievance" of the discharge of appellants and it was agreed that the matter should be settled by arbitration. The appointment of Judge Thomas H. Young of the Jefferson Quarterly Court as arbitrator was concurred in by all parties.

The arbitrator ordered the reinstatement of the four appellants who had been discharged for their part in the strike and he made separate awards concerning their "seniority rights, vacation pay and lost wages." However, the arbitrator did not order reinstatement of Howard Bryant whose dismissal had set off the strike. The Company did not reinstate appellants and this suit followed.

KRS 417.040 provides that the award of an arbitrator shall be final settlement of a controversy between the parties. It also provides that courts of equity have power to set aside awards on equitable principles; but this section has not been interpreted to mean that an arbitrator's award may be set aside for mere errors of law or of fact. Deshon v. Scott's Adm'r, 202 Ky. 575, 260 S.W. 355; Reager's Adm'r v. Pennsylvania Co., 169 Ky. 479, 184 S.W. 395. There must be a gross mistake of law or of fact constituting evidence of misconduct amounting to fraud or undue partiality in order to impeach an award, and before a court can set aside an award, the evidence supporting the grounds of impeachment must be clear and strong. Upington v. Commonwealth Ins. Co. of New York, 298 Ky. 210, 182 S.W.2d 648; Reager's Adm'r v. Pennsylvania Co., 169 Ky. 479, 184 S.W. 395.

The law favors and encourages the settlement of controversies by arbitration, and arbitrators are not expected or required to follow the strict rules of law, it being sufficient that they have due regard for natural justice. If the parties wanted exact justice administered according to the forms of law they should not have agreed to substitute a private forum for a court of law. Upington v. Commonwealth Ins. Co. of New York, 298 Ky. 210, 182 S.W.2d 648; Modern System Bakery v. Salisbury, 215 Ky. 230, 284 S.W. 994, 112 A.L.R. 874.

The record discloses no gross mistake of law or fact on the part of the arbitrator such as would evidence partiality or fraud on his part. No evidence of fraud or misconduct was offered. The ruling of the circuit court was based on a misapplication of law. The four discharged employes were merely four out of some one hundred strikers and the arbitrator found nothing to justify their being singled out for "firing" while no action was taken as to the other employes who took part in the strike.

Although Federal policy, as formulated under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., condones discharge of some employes while reinstating others who have participated in an un-

authorized strike, this did not have the binding effect of law upon the arbitrator. The parties could have left such disputes to the N.L.R.B. or to the courts to decide, but chose voluntary private arbitration instead.

Wherefore, the judgment is reversed and set aside, with directions to the circuit court to enter a judgment which orders compliance with the award of the arbitrator.